## MARION DOW BLAINE et als. *vs.* ABBIE R. DOW et al.

### Penobscot.    Opinion March 24, 1914.

*Construction.    Gift.    Guardian.    Joint Tenancy.    Minor.    Survivor.    Will.*

Bill in equity for construction of certain parts of the will of Mary Jenness Rawson, late of Boston.   An authenticated copy of said will was proved and allowed by Probate Court of Penobscot County and letters testamentary issued.

1. A will is presumed, in the absence of anything to the contrary, to have been drawn in accordance with the law of the testator's domicil and will be interpreted accordingly.

2. Its effect and validity in respect to the disposition of real estate situated in another jurisdiction, or the creation of any interest therein, will depend upon the lex rei sitae.

3. While the word survivor is an apt term for the creation of a joint tenancy in a devise of realty to several, it does not have such effect when used in connection with words "to be divided equally among them."

4. Where a word is used in one sense in one part of a will, and there is nothing to indicate a different meaning when the same word is used in another part, it may be presumed that that same meaning was intended

5. It is not presumed that a testator intends a joint tenancy but the contrary.

6. When a residuary clause of a will provides "all the rest and residue of my estate, I give, devise and bequeath to my sister for her life, the remainder at her death to be divided equally among her three children and the survivor, to them and their heirs and assigns," the words of gift apply to the remainder as well as to the life estate.

7. Under such a residuary clause, the life tenant is entitled to the possession, management and control of the residue.

8. It is an elementary rule of construction that estates legal or equitable, given by will, should always be regarded as vesting, unless the testator has, by clear words, manifested an intention that they should be contingent upon a future event.

9. That the complainants, the minor acting by guardian, can, with the life tenant, convey a good title to the real estate mentioned.

This is a bill in equity in which the construction of the will of Mary Jenness Rawson, of Boston, in the Commonwealth of Massachusetts, is asked.   The will was made on the thirteenth day of

February, 1901, and the testatrix died on the 26th day of November, 1903. The will was duly proved and allowed in Massachusetts and an authenticated copy thereof was proved and allowed by the Probate Court of Penobscot County in the State of Maine, and letters testamentary issued. The following questions are asked in the bill, to wit:

1. Under the fourth clause in the will of Mary Jenness Rawson, what kind of an estate did the plaintiffs take?

2. Can the plaintiffs, said minor acting by guardian, join with said Abbie R. Dow and convey good title to real estate, so far as said fourth clause in the will is concerned?

3. Is the defendant, Richard S. Dow, acting as trustee by implication under said will so far as the interests of the plaintiff are concerned, under the fourth clause?

The defendants filed answers to said bill admitting the truth of all the allegations contained in plaintiff's bill. By agreement of parties, upon a hearing of this cause, the case was reported to the Law Court for determination, upon bill, answer, admission and stipulations.

The case is stated in the opinion.

*Charles H. Bartlett,* for plaintiffs.

*Abbie R. Dow,* pro se.

*Richard S. Dow,* pro se.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J. This bill in equity seeks the construction of the will of Mary Jenness Rawson, of Boston, in the Commonwealth of Massachusetts. It bears date the thirteenth day of February, A. D. 1901 The death of the testatrix occurred on the twenty-sixth day of November, A. D. 1903, and, her will having been duly proved and allowed in Massachusetts, an authenticated copy was proved and allowed by the Probate Court of Penobscot County in this State and letters testamentary issued to Richard S. Dow one of the two executors named in the will, the other declining, at the May term, 1904.

The bill of complaint is brought by Marion Dow Blaine, Dorothy Dow and Elsie Dow, the latter by Charles H. Bartlett, her next

friend, who are the same persons mentioned in the fourth item of the will, against Abbie R. Dow, the life tenant therein named and her husband, the executor.

The portions of the will material to be considered are:

"After the payment of my just debts and funeral charges, I bequeath and devise as follows:—

"3rd. To Marion Dow, Dorothy Dow and Elsie Dow, children of my sister, Abbie R. Dow, all my jewelry, ornaments and clothing to be divided among them.

"4th. All the rest and residue of my estate real, personal, and mixed, of which I may die seized and possessed, I give, devise and bequeath to my sister, Abbie R. Dow, wife of Richard S. Dow, for her life; the remainder at her death to be divided equally among her three children, Marion, Dorothy and Elsie Dow and the survivor, to them and their heirs and assigns.

"5th. If neither my said sister, Abbie R. Dow, nor any one of her three children named above, be living at my death, I give, devise and bequeath the property mentioned in items three and four as follows:"

Here follow sundry bequests and devises among which are:

"To Kenneth and Allen Clark, sons of my friend Bessie P. Clark, of Bangor, Maine, and the survivor, one thousand dollars in money.

"To Henry and Elsie Prentiss, children of my cousin H. M. Prentiss, of Bangor, Maine, and the survivor, the note and mortgage for five thousand dollars, which mortgage covers their present residence on Jefferson Street in said Bangor."

The remaining clauses of this item of the will are:

"All the rest and residue of my estate, real and personal, of which I may die seized and possessed, and in the event of my surviving my sister and her three children as specified in item five, I give, devise and bequeath to Marion Parris and Edward L. Parris, Jr., children of my cousin Edward L. Parris of New York City, Alice and Edward Guyer, children of my cousin, Constance K. Guyer of Rock Island, Illinois, and Helen D. Parris of Paris Hill, Maine, to be divided equally among the five legatees named, and the survivor or survivors.

"I nominate my brother-in-law, Richard S. Dow, of said Boston, and Charles H. Bartlett of said Bangor, and the survivor, to be exe-

cutors of this will and I request that they be exempt from giving a surety or sureties on their bonds as such executors or in any other capacity."

It is alleged in the bill òf complaint that at the time of her decease testatrix had title to an interest in real estate in the State of Maine which fell into the rest and residue of her estate and passed to the persons mentioned in the fourth item of the will, "who now own it."

It is admitted that Marion Dow Blaine was born in Bangor, Maine, July 17, 1888, that Dorothy Dow was born in Brookline, Massachusetts, December 22, 1890, and that Elsie Dow was born in Boston, Massachusetts, January 26, 1898, and were all minors and unmarried at the death of the testatrix.

The bill propounds the following questions:

"1. Under the fourth clause in the will of Mary Jenness Rawson what kind of an estate did the plaintiffs take?

"2. Can the plaintiffs, said minor acting by Guardian, join with the said Abbie R. Dow and convey good title to real estate, so far as said fourth clause in the will is concerned?

"3. Is the defendant Richard S. Dow acting as trustee by implication under said will so far as the interests of the plaintiff are concerned under said fourth clause?"

A will is presumed in the absence of anything to the contrary to have been drawn in accordance with the law of the testator's domicil and will be interpreted accordingly, but its effect and validity in respect to the disposition of real property situated in another jurisdiction or the creation of any interest therein, will depend upon the lex rei sitae. *Jacobs* v. *Whitney,* 205 Mass., 477, 480, 481; 18 Ann. Cas., 576; See *Houghton* v. *Hughes,* 108 Maine, 233, 235-236.

In considering the first question it is suggested by counsel that it may be held that an estate in joint tenancy was intended. We are not of that opinion. While it is true that the word survivor in the fourth item taken by itself would be apt for the creation of a joint tenancy, it cannot be considered as having that effect in view of the use of the words "to be divided equally among her three children." Provisions for a division have always been regarded as sufficient to create a tenancy in common: *Stanwood* v. *Stanwood,* 179 Mass., 223, 226; *Whiting* v. *Cook,* 8 Allen, 63; *Shattuck* v. *Wall,* 174 Mass., 167-169; *Griswold* v. *Johnson,* 5 Conn., 363, 365;

*Delafield* v. *Chipman,* 103 N. Y., 463, 468; *Stones* v. *Heurtly,* 1 Ves. Sen., 165, 166. Nor do we consider that the word survivor as used in the fourth item of the will is employed with reference to the survival of the remainder-men inter sese but that it refers to the survival by them of the testatrix. The word is used four times subsequently in the will and we think in no instance as meaning more or other than surviving me or if they survive me. *Russell* v. *Libby,* 213 Mass., 529, 530. See *Stones* v. *Heurtly,* ubi supra. And the expression in the fifth item, regarding her sister and nieces, "be living at my death" and a similar expression in the second residuary clause strongly support this view. Where a word is used in one sense in one part of a will, and there is nothing to indicate a different meaning when the same word is used in another part, it may be presumed that the same meaning was intended. *Russell* v. *Libby,* supra. It is not presumed, moreover, that a testator intends a joint tenancy, but the contrary. *Stetson* v. *Eastman,* 84 Maine, 366, 375.

The intent of the will was to avoid the intestacy of the testatrix as to any part of her estate and the scheme in the first instance was that the whole estate with two unimportant exceptions should be enjoyed by her sister, during her life, and by the latter's children thereafter, they, apparently, being the special objects of her affection and bounty. The children were of such tender years that the event of either of them marrying, having issue and dying before her decease evidently did not occur to testatrix as within the range of probability. While it is plain that she expected the children of some of the children to inherit her bounty from them, she did not regard as necessary the mention of their issue in the fifth item of the will making provision for the disposition of her estate in event that neither her sister nor any one of her three children be living at testatrix's death: See *Spencer* v. *Adams,* 211 Mass., 291, 294.

It may be urged that the remainder under the fourth item is not vested because there are no words importing a gift other than a direction to divide at a future time and that therefore the gift implied from the direction to divide speaks as of the time of division and not as of the day of the testatrix's death. But we think the words of gift used in the fourth item apply to the remainder as well as to the life estate and that the fourth item should be read as follows: All the rest, residue and remainder of my estate . . .

I give, devise and bequeath to my sister . . . for her life and by way of remainder to her three children . . . and the survivor, to be divided at her death equally among them, Thus there is a present gift, the possession and enjoyment of which is deferred. The will institutes no trust. The life tenant is entitled to the possession, management, and control of the rest, residue and remainder; *Starr* v. *McEwan,* 69 Maine, 334, and, upon her decease, the right of possession passes to the remainder-men as tenants in common. In case of the ordinary trust where the trustee is directed to pay income to a life tenant and on decease of the latter, to divide the corpus among several, the trustee still has possession after the decease of the life tenant to enable him to make the division but under the present will no one other than the remaindermen is entitled to possession or to make division.

Nor can it be contended that the gift of the remainder by the fourth item of the will was to a class. *Lyman* v. *Coolidge,* 176 Mass., 7, 8; *Stanwood* v. *Stanwood,* 179 Mass., 223, 226; *Bryant* v. *Flanders,* 201 Mass., 373, 375.

So strong is the presumption that testators intend the vesting of estates that it is an elementary rule of construction that estates legal or equitable, given by will, should always be regarded as vesting, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event. *Bosworth* v. *Stockbridge,* 189 Mass., 266, 267; *Ball* v. *Holland,* id., 369, 372; *Storrs* v. *Burgess,* 101 Maine, 26, 33; *McArthur* v. *Scott,* 113 U. S., 340, 378. And so clear must be his expression that it is held that in cases of doubt or ambiguity as to the time when it was intended the estate should vest, the remainder will be regarded as vested rather than contingent: *Hale* v. *Hobson,* 167 Mass., 397, 399, 400; *Gray* v. *Whittemore;* 192 Mass., 367, 377 and cases cited.

We have seen that the intention of the testatrix was clear to avoid intestacy, but in the event of her sister and her children surviving the testatrix and the children dying, leaving issue, before the life tenant, intestacy would ensue, if the remainder under the fourth item be held contingent, as the alternative provisions found in the fifth item are inoperative if the children or any of them survive the testatrix. The gift of a residue is construed as vested if possible, especially where intestacy would result, if the gift were held con-

tingent. *Phillips* v. *Chamberlaine,* 4 Ves., (Sumner's Ed.) 51, 59; *Hooper* v. *Hooper,* 9 Cush., 122; *Cushing* v. *Aylwin,* 12 Met., 169, 175; *Danforth* v. *Reed,* 109 Maine, 93, 97. In such case every presumption is to be made that testator did not intend to die intestate.

We conclude upon the whole will that the complainants under the fourth item of the will took a vested remainder as tenants in common.

2. In reply to the second inquiry, it is the opinion of the court that the complainants, the minor acting by guardian, can, with the life tenant, convey good title to the real estate mentioned.

3. There is no occasion for the intervention of a trustee. See *Starr* v. *McEwan,* ubi supra.

*Decree accordingly.*