CHARLOTTE W. THATCHER, et als., Trustee

*vs.*

CHARLOTTE W. THATCHER, et als.

Penobscot.    Opinion August 26, 1918.

*Rule as to disposition of stock dividends in trust estates.*
*Rule where the dividends are cash.*

A bill in equity asking the instructions of the court as to the disposition, between life tenants and remaindermen, of a stock dividend declared by the directors of a corporation from its earnings upon its stock, sundry shares of which were held by complainant trustees.

Under all ordinary circumstances stock dividends belong to capital and go to the remainderman, while cash or money dividends are the property of the life tenant.

In the instant case the fifty shares of stock issued to the trustees as a stock dividend are to be held by them as part of the corpus or capital of the trust estate, the income alone thereof to be paid to the life tenants.

Bill in equity asking for the construction of certain clauses of the will of Benjamin B. Thatcher, late of Bangor, in so far as they relate to the disposition of certain stock dividends.    Cause was heard upon bill and answers and by agreement of parties case was reported to Law Court.    Judgment in accordance with opinion.

Case stated in opinion.

*Charles H. Bartlett*, for plaintiffs.
*Charlotte W. Thatcher*, pro se.
*George T. Thatcher*, pro se.
*Charlotte M. Thatcher*, pro se.

SITTING:    CORNISH, C. J., BIRD, HANSON, PHILBROOK, JJ.

BIRD, J.    In equity.    The plaintiffs are trustees under the last will and testament of Benjamin B. Thatcher, deceased.    The will was executed March 26, 1906.    After sundry bequests the residue and

remainder are given in trust to the plaintiffs, who, after the payment of certain annuities therefrom, are directed to pay the balance of the income in equal shares to Charlotte W. Thatcher, wife of the testator, George T. Thatcher, his son, and Charlotte M. Thatcher, his daughter. The will further provides that the trust for these last named beneficiaries shall cease on the first day of January, 1920, if any of them live so long, and, if not, upon the death of the last survivor, and upon the determination of the trust "as a whole" the remainder is disposed of by giving the widow one-third for life discharged of the trust, and the other two-thirds outright to the said son and said daughter, or to the survivor, or his or her heirs outright in case either should die without lineal descendants.

Of the three annuitants, one is already dead and the two surviving are unaffected by the solution of the question presented.

The plaintiff trustees received from the testator as part of the trust estate and are owners of one hundred and fifty shares of the capital stock of the Orono Pulp and Paper Company. On the sixteenth day of November, 1916, the directors of that company declared from earnings a stock dividend of 33⅓ per cent, and fifty shares of its capital stock, representing that percentage, have been delivered to the trustees. The trustees expressing doubt as to the disposition of this stock dividend, as between life tenants and remaindermen, ask the instructions of the court. Such briefly are the allegations and prayer of the bill of complaint. The defendants by their joint and several answer admit the allegations of the bill of complaint and join in its prayer. The case is reported to this court upon bill and answer.

As in other cases, the intention of the testator must govern. *Gibbons* v. *Mahon*, 136 U. S., 549, 559. But we find in the will no indication of the intention of the testator, either express, or implied from any of its terms.

Under such circumstances, the court must be governed by such rules of law as have been established to meet the circumstances of the case. Unfortunately the courts are not in agreement. But it would be unwise, in the face of such disagreement, for this court to endeavor to declare a new rule or discover a new method of dealing with the situation. We conceive our duty to be to ascertain the rule supported by the most authoritative decisions and best supported by reason.

Three so-called rules have been evolved to meet the situation—the Kentucky rule, the Pennsylvania rule and the Federal or Massachu-

setts rule.   Roughly, the Kentucky rule gives to the life tenant all
dividends accruing from earnings whenever made and in whatever
form declared, while the Pennsylvania rule makes the same disposition
of such dividends except those accruing from earnings made before
the death of the testator, when apportionment is made.   The third
rule, known as the Massachusetts rule, holds that ordinarily cash or
money dividends are the property of the life tenant, and that stock
dividends belong to the remainderman.   *Minot* v. *Paine*, 99 Mass.,
(1868) 101; *Rand* v. *Hubbell*, 115 Mass., 461, 475.   In this rule, the
courts of Connecticut, Rhode Island, Illinois, Ohio, the Supreme
Court of the United States and the English Courts concur.   *Brimley*
v. *Grou*, 50 Conn., (1882) 66, 76; *Mills* v. *Britton*, 64 Conn., (1894)
4, 12; *Smith* v. *Dana*, 77 Conn., (1905) 543, 550; *Boardman* v.
*Boardman*, 78 Conn., (1905) 451, 455; *Boardman* v. *Mansfield*, 79
Conn., (1907) 634, 639; *Green* v. *Bissell*, 79 Conn., (1907), 547, 551;
*Boardman* v. *Mansfield*, Id., (1907) 634, 639; *Brown et al.*, *Pet'rs*,
14 R. I., (1884) 371, 372; *Green* v. *Smith*, 17 R. I., (1890), 28, 30;
*Newport Trust Co.* v. *Van Rensselaer*, 32 R. I., (1911) 231, 237; *Bouch*
v. *Sproule*, L. R., 12 App., Cas. (1887), 385, 389; *Jones* v. *Evans*,
L. R. 1., Ch. Div. (1918) 23, 32; (See *Re Heaton's Estate*, 89 Vt.,
pages 561-2) *Gibbons* v. *Mahon*, 136 U. S., (1889) 549, 559, 564;
*Towne* v. *Eisner*, 245 U. S., (1918), 418, 426; *DeKoven* v. *Alsop*, 205
Ill., (1903) 309, 314, 315; *Billings* v. *Warren*, 216 Ill., (1905) 281,
287; *Wilberding* v. *Miller*, 85 Ohio St., 609 (Opinion, 90 Id.) (1913),
28, 54, 55.

In *Richardson* v. *Richardson*, 75 Maine, (1884), 570, 574, Peters,
C. J., states that the decided preponderance of authority probably
concedes the point that dividends of stock go to the capital under all
ordinary circumstances.   If the decided preponderance of authority
probably conceded this point in 1884 in the opinion of the learned
Chief Justice, we think we are justified in saying now that, we believe
the Massachusetts rule is supported by the weight of authority, and,
we need not say, of the most respectable and highest character.

These so-called rules have been the subject of many decisions of the
courts and have received treatment at the hands of numerous text
writers and authors of legal literature.   To analyze those opposing
the Massachusetts rule and give the reasons upon which they are
based would be of little profit and far exceed the limits of an opinion
of the court.   To give the reasons for the adoption of the Massachu-

setts rule would be a work of supererogation. They are found and fully discussed in the cases above cited, and this court feels that it needs do no more than call attention to them. It is our conclusion that the Massachusetts rule is sustained by reason as well as by authority.

Attention has been called to the case of *Gilkey* v. *Paine*, 80 Maine, 319. This was a proceeding in equity by a life tenant under a trust created by will in which the life tenant claimed certain shares of stock in the hands of the trustee under a pro rata distribution by a corporation of sundry shares of its own stock. The court held that the shares were purchased by the corporation by an issue of its interest bearing bonds, and that these shares were therefore no part of the net annual income to which plaintiff was entitled under the will and dismissed the bill. The court refers to the Massachusetts rule as a very elastic rule in the state of its origin, and cites a departure therefrom in that State. But all rules in equity must necessarily be sufficiently elastic to do equity in the case which may be under consideration. There are few rules that have no exceptions, and equity will not adhere to and apply a rule or principle which manifestly and clearly will not result in doing equity; *Daland* v. *Williams*, 101 Mass., 571, 573; especially when it is necessary to determine the true character of a transaction. *Leland* v. *Hayden*, 102 Mass., 542; see also *Gifford* v. *Thompson*, 115 Id., 478, 480. *Gilkey* v. *Paine*, supra, while citing *Richardson* v. *Richardson*, 75 Maine, 570, already referred to, does not overrule it, and the expressions in the opinion relied upon as affecting its authority, we regard as obiter dicta merely. Neither case decides the point at issue in this case.

The income of a corporation is one thing, that of a trust estate another.

In answer to the request of the plaintiffs for instructions, it is the opinion of the court that the fifty shares of stock issued by the corporation are to be held by the trustees as part of the corpus or capital of the trust estate in their hands, the income thereof alone to be paid to the life tenants.

*Decree accordingly.*