FLORA HARRIS, In Equity *vs.* OLIVER D. AUSTIN ET ALS.

Androscoggin.   Opinion December 16, 1925.

*In the interpretation of a will in ascertaining the rights of legatees, intention of the testator, as collected from the whole will and all the papers which make up the testamentary act, examined in the light of attendant facts, which may be supposed to have been in the mind of the testator, must govern, unless it conflicts with some positive rule of law, or violates some rule of interpretation so firmly established as to have become a fixed rule of law governing the transfer of property by will, then legal rules must prevail.*

*A devise to heirs, whether to one's own or to heirs of another, carries a presumption that the heirs take by the rules of descent, that is, per stirpes, not per capita, unless such presumption is controlled by words in the will indicating a different intention of the testator.*

In the instant case without indicating that the words "to be divided equally" and similar phrases may not in some cases be satisfied by a division among certain individuals named and a class described as the heirs of a deceased person, it is held that the testator's intent was to divide his estate equally between the children of Ursula Austin though described in the will as her heirs and the several other persons named, each taking one eleventh of the residue.

On report.   A bill in equity seeking the interpretation of a certain paragraph in the will of Cyrus A. Caswell.   A hearing was had upon bill and answers and by agreement of the parties the cause was reported to the Law Court.   Bill sustained.

The case fully appears in the opinion.

*Tascus Atwood,* for complainant.

*Harry Manser and Charles F. Adams,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, STURGIS, BARNES, BASSETT, JJ.

MORRILL, J., non-concurring.

PHILBROOK, J. In this case we are to construe the will of Cyrus A. Caswell, and particularly to discover and apply the meaning and intention of the testator when he used the following language:

"4th. I give, bequeath and devise all the remainder of my estate both real and personal to be divided equally among the following, the heirs of Ursula Austin, Verda Caswell, Melvin J. Caswell, Mrs. Eda Judd, Mrs. Ada Smith, Mrs. Flora Harris, and Mrs. Flora May Parker and Frank Caswell."

The plaintiff is Flora Harris, both in her individual capacity and in her representative capacity as executrix of the will of Mr. Caswell. The defendants are Oliver D. Austin, Mildred E. Andrews, Edna Bubier, Ada Smith, Frank Caswell, Mertelle Day, Verda Caswell, Melvin J. Caswell, Eda Judd, and Flora M. Parker. These ten defendants, together with the plaintiff, are the eleven persons who are interested in the decision of this case. Oliver D. Austin, Mildred E. Andrews, Edna Bubier and Mertelle Day are the children and heirs of Ursula Austin, deceased. They claim that the residue should be divided into eleven equal parts and that each of them should be entitled to one of those parts. Admitting all the allegations in the bill they pray judgment of this court as to whether the residue is to be shared by them per stirpes or per capita. The other six defendants, in their joint answer, also admit all allegations in the bill and join in the prayer for interpretation. The case comes up on report.

Ursula Austin, was a cousin to Cyrus A. Caswell. Excepting the heirs of Ursula, and Flora May Parker, all the other legatees whose names appear in the paragraph of the will now under consideration were also cousins of the testator.

In a recently decided case, *Perry* v. *Leslie*, 124 Maine, 93, 126 Atl., 340, observing the well-nigh universal rule of law, it is held that in ascertaining the rights of legatees the intention of the testator, as collected from the whole will and all the papers which make up the testamentary act, examined in the light of the attendant facts which may be supposed to have been in the mind of the testator, must

govern. If the intention of the testator cannot be so ascertained the court must be governed by such rules of law as have been established to meet the circumstances of the case. Thus it will be seen that the intention of the testator, in the interpretation of wills, is the controlling factor, which intention is to be gathered from the entire instrument, interpreted in the light of existing and surrounding circumstances. True it is that when such intent cannot be ascertained or, when ascertainable cannot be carried out without conflicting with some positive rule of law, or is so expressed that it cannot be carried into effect without violating some rule of interpretation so firmly established as to have become a fixed rule of law governing the transfer of property, then legal rules must be our guide. *Gregg* v. *Bailey*, 120 Maine, 263.

In the case at bar we think the intention of the testator is ascertainable, and that it can be made effectual without violating any rule of law or canon of interpretation.

Mr. Chief Justice Shaw, speaking for the Massachusetts Court in *Daggett* v. *Slack*, et ali., 8 Met., 450, holds that according to the established rules of law a devise to heirs, whether it be to one's own heirs or to the heirs of a third person, designates not only the persons who are to take but also the manner and proportions in which they are to take; and that when there are no words to control the presumption of the will of the testator the law presumes his intention to be that they shall take as heirs would take by the rules of descent; or in other words they would take per stirpes and not per capita; but that such presumption would be easily controlled by any words in the will indicating a different intention of the testator; as if, after a devise to heirs it be added "in equal shares," or "share and share alike," or "to them and each of them," or "equally to be divided," or any equivalent words intimating an equal division, then they will take per capita, each in his own right. These views were adopted by our own court in a thorough and learned opinion by Mr. Justice Spear in *Doherty* v. *Grady*, 105 Maine, 36, and are applicable to the case at bar. Here the testator declares that the residue of his estate, both real and personal is "to be divided equally among the following, the heirs of Ursula Austin, Verda Caswell, Melvin J. Caswell, Mrs. Eda Judd, Mrs. Ada Smith, Mrs. Flora Harris and Mrs. Flora May Parker and Frank Caswell." '

Without indicating that the words "to be divided equally," and similar phrases, may not in some cases be satisfied by a division among certain individuals named, and a class described as the heirs of a deceased person, as in *Balcom* v. *Haynes*, 14 Allen, 204, we hold in the instant case that the testator's intent, in the light of the circumstances shown to exist, was to divide his estate equally between the children of Ursula, though described in the will as her heirs, and the several other persons named, each taking one eleventh of the residue.

> *Bill sustained.*
>
> *Decree to be prepared in accordance with this opinion.*
>
> *Reasonable fee for counsel on each side to be determined by the sitting Justice and paid out of the funds in the hands of the executrix.*

MORRILL, J.    Non-concurring.

I am unable to concur in the opinion.    I do not discover any intent to bestow upon the four children and heirs of Ursula Austin any greater mark of the testator's affection than their parent would, if living, have received.    He remembers them not in their own persons, but as representatives of their parent, designating them as her heirs, and substituting them in her place.    The words "to be divided equally" may be satisfied by being applied to the division between the classes, and not to that between the individuals.    *Balcom* v. *Haynes*, 14 Allen, 204, *Allen* v. *Boardman*, 193 Mass., 286, *Holbrook* v. *Harrington*, 16 Gray, 102.    I think that this case is not distinguishable in principle from these cases.