NANCY C. DAVIS ET ALS

*vs.*

RICHARD E. McKOWN, ADMINISTRATOR, ET ALS.

Hancock.     Opinion, May 11, 1932.

204

*Deasy, Lynam, Rodick & Rodick,* for plaintiffs.
*Norman Shaw,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

DUNN, J. William H. Davis, late of Bar Harbor, died December 23, 1917, leaving a will, dated September 18, 1917, which has been duly probated.

This bill in equity, in the prayer of which the answers join, presents certain provisions in the will for construction.

The will instructs the payment, as soon as may be, of the testator's debts and funeral expenses; confirms the proceeds of policies of insurance on his life to the beneficiaries therein named; devises to his wife an absolute estate in the home property and household furniture and furnishings, and proceeds:

"FOURTH: I give, devise and bequeath all the rest, residue and remainder of my property and estate of every kind and nature to the trustees hereinafter named to hold, invest, reinvest, insure, protect and conserve the same and to collect the income thereof and apply it as follows:

"1. To pay to my wife, Nancy C. Davis, the sum of two thousand dollars ($2,000) per year in quarterly payments during her life.

"2. To pay to my daughter, Florence C. Young, the sum of five hundred dollars ($500) per year in quarterly payments so long as this trust continues.

"3. To add any balance of income to the principal of said trust estate.

"FIFTH: Upon the death of my wife, I direct my trustees hereinafter named to pay the following sums to the persons hereinafter named in this paragraph of my will, which sums I hereby bequeath to said persons, to wit:

"To Ella F. Whitcomb, wife of Dr. F. E. Whitcomb, of Orono, Maine, the sum of five hundred dollars ($500).

"To Josephine Campbell of Orono, Maine, the sum of five hundred dollars ($500).

"To my daughter, Florence C. Young wife of Bert H. Young of Bar Harbor, Maine, one-third of all the rest, residue and remainder of the principal of my estate.

"SIXTH: It is my will that the balance, to wit, two-thirds of the rest, residue and remainder of the principal of my estate, shall remain in trust as herein provided for five years after the decease of my wife.

"SEVENTH: At the expiration of five years after the decease of my wife the trust hereby created shall wholly cease and be determined and all the remainder of the principal of my estate, including any accumulated income, shall be paid to my said daughter, Florence C. Young, and I do hereby bequeath to her all the balance of said principal to hold for her own use and benefit in fee.

"EIGHTH: In the event that my daughter, Florence C. Young shall die without issue, before the death of my wife, it is my will that in such event the rest, residue and remainder of my estate shall, upon the termination of the trust hereby created, pass to the following named persons, to wit:

"To Bert H. Young, husband of my daughter, one-half.

"To Arno Davis, son of my brother, Fred A. Davis, one-fourth.

"To Robert Whitcomb, son of my wife's sister, Ella F. Whitcomb, one-fourth."

(The daughter died in the lifetime of the testator's wife, and without issue; but her husband did not survive her.)

Item ninth provided that, in case the testator's daughter died during the lifetime of his wife, leaving a child or children, that such child or children should have the same rights and interests as were bequeathed the daughter.

(This contingency did not happen.)

Item tenth empowers and authorizes the testamentary trustees, during the continuance of the trust, to sell and convey real or personal property, and to execute good and sufficient deeds and conveyances thereof; the purchaser not being required to see to the application of the purchase money.

The eleventh item will be quoted later.

Item twelfth, the last in the will, nominates executors and trustees, and directs the payment, from the residue of the estate, of inheritance taxes on specific legacies.

The testator's widow is still living. The daughter, Florence C. Young, died December 1, 1931.

At the death of the testator, the trustees took, by item fourth, a fee-simple in trust. The legal estate vested in them, although the entire equitable and beneficial estate was vested elsewhere, certain of it subject to being divested on the happening of either of the two contingencies that the will mentions. *Deering* v. *Adams*, 37 Me., 264; *Pearce* v. *Savage*, 45 Me., 90; *Hersey* v. *Purington*, 96 Me., 166; *Holcomb* v. *Palmer*, 106 Me., 17.

One question the bill presents is whether clause 2 under item fourth, directing that, "so long as this trust continues," the trustees pay five hundred dollars annually, in quarterly payments, from income, to the testator's daughter Florence, gave her a vested interest in the income of the trust fund throughout the whole term of the trust the testator created; that is to say, from his death until his widow shall be dead five years.

The mode of gift, and context, and the words used, make clear that the testator bequeathed annual instalments of income to his daughter, for the full period of the trust. Nothing was said as to what should be done with the daughter's portion of the income accruing since her death and to the termination of the trust. It was unnecessary that the testator speak specifically. The law cares for the situation. Such income must be paid to the executor of the daughter's will; she having died testate. *Union Safe Deposit, etc., Company* v. *Dudley*, 104 Me., 297; *Morse* v. *Ballou*, 109 Me., 264, 267.

The several devises, or more properly bequests, under item fifth, were present absolute bequests, to be possessed in the future. *Verrill* v. *Weymouth*, 68 Me., 318; *Buck* v. *Paine*, 75 Me., 582; *Paine* v. *Forsaith*, 84 Me., 66.

A question arises under item eighth, in connection with the settlement of the estate of Bert H. Young. Mr. Young survived the testator, but, as has been noted before, he predeceased his own wife

(the testator's daughter). The question is: Did Bert H. Young take, under the will, a descendable interest?

The nature of the devise to him may be more readily seen against the background of item seventh. By this item, Florence C. Young took, at the testator's death, a vested equitable fee, subject to the trust imposed thereon. *Buck* v. *Paine,* supra; *Paine* v. *Forsaith,* supra. The legal estate had been devised in trust, commensurate with the purposes of the trust.

Item eighth annexed a condition to the equitable fee. *Buck* v. *Paine,* supra. There was no legal repugnancy in annexing the condition, in effect a condition subsequent, to such fee. *Buck* v. *Paine,* supra; *Holcomb* v. *Palmer,* supra (at page 22).

The substance of this condition was that, if the testator's daughter, Florence C. Young, died without issue, before the death of the testator's wife, the estate the will gave the daughter (which, if she outlived the wife would, when the trust imposed upon it should be finally administered, culminate in a legal fee) should go over in fee-simple. The gift over was to Bert H. Young, and to Arno Davis, and Robert Whitcomb; to them as individuals rather than as a class; as tenants in common rather than as joint tenants; in the fractional proportions of one-half to Young, and one-fourth to each of the others. The testator's language, that of a father speaking of his child, signified a definite failure of issue in the life of the first taker; the period fixed being "before the death of my (testator's) wife."

On the death of Florence C. Young without issue, and the consequent divestment of her equitable fee-simple conditional, the devises over to Arno Davis and to Robert Whitcomb, both of whom were living, became operative. The rights of each in the residuum of the estate of the testator passed in interest, subject to the trust imposed, to be enjoyed when the trust estate shall cease and be determined.

But the devise over to Bert H. Young did not become effective. Like the other devises in the same item, this was an executory devise. An executory devise does not vest at the death of the testator, but only on the happening of some future contingence. Estates of this character require no prior particular estate for their support.

An executory devise may be limited over a defeasible fee — something that can not be effected by a remainder. Gardner on Wills, 454; *Doe* v. *Considine*, 6 Wall., 458, 18 Law Ed., 869.

When the death of Florence C. Young defeated her equitable fee-simple conditional, the executory devise to Bert H. Young had lapsed.

He had, by the will, only a contingent interest, which could not vest until the death of his wife in the lifetime of the testator's widow, and then only in the event that his (Young's) wife died without issue. The event upon which the future estate was limited to take effect remained uncertain. The executory devise lapsed at Mr. Young's demise, on May 20, 1931, before the occurrence upon which the devise was contingent. *Snow* v. *Snow*, 49 Me., 159; *Giddings* v. *Gillingham*, 108 Me., 512, 519.

The will does not dispose of the property which the executory devise, had it not lapsed, would have passed. The testator might have provided in his will for the contingency of Mr. Young's death; again, his omission to do so may have been intentional. No living person can know. The fact, however, is that the will provides no substitute devisee, nor does statute.

The lapsed devise was part of the residue of the testator's estate. Where the devisees of the residue take in common, the lapsed devise of a portion of the residue does not inure to the survivors, but presumptively becomes intestate property. *Strout* v. *Chesley*, 125 Me., 171.

Item eleventh of the will is as follows:

"ELEVENTH: The bequests herein made to and for the benefit of my wife, Nancy. C. Davis, are intended to be in lieu of all right of dower or by descent or other legal rights in my estate."

The language of this item is susceptible of the interpretation that the testator intended his widow should have no other interest in, or claim to, his estate, either real or personal, than the will provided she should have.

The intention of the testator, if consistent with the rules of law, is the great and governing guide for the construction of wills.

*Morton* v. *Barrett*, 22 Me., 257. It may be implied, even if not expressed. But so far only as the testator has communicated, by his will, either in terms or by implication, his intention as to the disposal of his estate after his death, can his intention control or have influence. *Nickerson* v. *Bowly*, 8 Met., 424.

The disposition of intestate estates is regulated, not by will, but by statute. "Property not disposed of by will shall be distributed as the estate of an intestate." R. S., Chap. 88, Sec. 2.

This statute traces back to the first statutes. Laws of 1821, Chap. 38, Sec. 16. ·

It applies to estates as it finds them; if there has been no will, then to all the estate; if there be a will, not disposing of all the estate, then to the estate not disposed of by such will. *Nickerson* v. *Bowly*, supra.

The statute must, of course, be construed with reference to other statutes relating to the same general subject-matter, though enacted at different times. *Hurley* v. *South Thomaston*, 105 Me., 301.

A widow may, by accepting the specific provision of her husband's will, preclude herself from any right or interest by descent in realty respecting which her husband died intestate. She may not hold under the will and also take by descent, unless the testator's intention that she should is plainly apparent. R. S., Chap. 89, Sec. 13; *Bunker* v. *Bunker*, 130 Me., 103. The silence of this testator's will is not indicative of any such intent. Moreover, he did not devise the property, in the event of the failure of the gift over, to anybody else.

The testator's widow, by accepting his will, debarred herself from claiming her share in real estate not finally disposed of by the will. Any such real estate is (subject to final administration of the trust) intestate estate, to the exclusion of the widow. *Bunker* v. *Bunker*, supra.

No statute inhibits a widow from claiming her share in intestate personal estate, though she has accepted her husband's will. *Bunker* v. *Bunker*, supra.

The personal property of which the testator's will does not ultimately dispose is (likewise subject to final administration of the

trust) intestate estate. The distributees, inclusive of the widow, are to be determined as of the time of the decease of the testator.

A decree in accordance with this opinion will be entered below. Costs as between solicitor and client are to be in the discretion of the single Justice entering the decree.

*Bill sustained.*
*Decree in accordance*
*with this opinion.*