UNITED STATES TRUST COMPANY OF NEW YORK TRUSTEES
UNDER THE WILL OF HENRY BEAMAN DOUGLASS
*vs.*
HELEN D. BOSHKOFF, ET AL.

Lincoln. Opinion July 15, 1952.

*Hutchinson, Pierce, Atwood & Scribner,* for Plaintiff.

*Verrill, Dana, Walker, Philbrook & Whitehouse; Drummond & Drummond,* for Defendant.

SITTING: MURCHIE, C. J., FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ. (THAXTER J. did not sit.)

FELLOWS, J. This is a bill in equity brought by United States Trust Company of New York, trustee under the will of Henry Beaman Douglass, against Helen Boshkoff, Jean Yeomans, Sarah M. Crone, Alice Douglass Graves, Robert F. Douglass, Jr., Marshall W. Douglass, Grace C. Douglass, New York Academy of Medicine, College of Physicians and Surgeons of the Medical Department of Columbia University, and Columbia University. The bill asks for construction of the will of Henry Beaman Douglass, late of Boothbay, Maine, and comes to the Law Court from Lincoln County on report. By agreement of counsel and by order of a justice of the Supreme Judicial Court sitting in equity, the Law Court is to determine the legal rights of the parties and to render final decision.

Henry Beaman Douglass died in 1946. His will provided for a trust. The widow of the testator waived the provisions of the will and took the share of the estate to which she was legally entitled. In a bill in equity brought by the executor for construction of the will, in the light of the widow's waiver, this Court in *United States Trust Company* v. *Douglass, et als.,* 143 Maine 150, 56 Atl. 2d, 633, held that under the terms of the will, the waiver by the widow did not accelerate distribution, and that the trust provided by the will should be set up to continue during the life of the widow for the benefit of the brother surviving, the children of brothers, and the cousin. Those who may be entitled to share in final distribution must await the termination of the trust.

The testator provided in the fifth paragraph of his will that the residuum of his estate shall be held "in trust, nevertheless, during the life of my said wife, to invest and reinvest the same and to pay to my said wife out of the entire net income arising therefrom, semi-annually or oftener in the discretion of my trustees, at the rate of six thousand (6,000) dollars a year, and certain additional amounts in

the contingencies hereinafter specified, and to pay the remainder of said entire net income yearly to my brothers me surviving, to the children in the first degree me surviving of my brothers, whether my brothers or any of them be living or dead at the time of my decease, and to my cousin, Sarah M. Crone, share and share alike, per capita and not per stirpes."

At the time of testator's death, the survivors referred to in the foregoing paragraph of the will consisted of his brother Robert F. Douglass, the children of Robert F. Douglass in the first degree, viz: Robert F. Douglass, Jr., Marshall W. Douglass and Alice Douglass Graves; the cousin Sarah M. Crone, and the children of Edwin T. Douglass in the first degree, viz: Helen D. Boshkoff and Jean Yeomans.

Grace C. Douglass, named as a defendant in these proceedings, is the widow of the above named Robert F. Douglass and executor of his estate. Said Robert F. Douglass, brother of the testator, died October 23, 1949.

The principal question now before the Court is the disposition of the share of income, left to, and heretofore received by, the late Robert F. Douglass.

The questions raised by the bill and by the answers of the parties interested are (1) Should the interest of the late Robert F. Douglass in the income be paid equally to the survivors, or paid to the estate of Robert F. Douglass? (2) Did Robert F. Douglass have a vested interest in a share of the income of the trust estate which passes to his legal representatives? (3) Should the principal of that portion of the trust estate, from which Robert F. Douglass was entitled to the income during his lifetime, together with accumulated income, be immediately divided into four equal parts and three parts distributed to the defendants New York Academy of Medicine, College of Physicians and Surgeons of the Medical Department of Columbia University, and Columbia

University, each of whom eventually becomes entitled to one-fourth of the principal of the residuum? In other words, does the death of Robert F. Douglass cause a partial acceleration? See *United States Trust Co.* v. *Douglass,* 143 Maine 150, 153, 56 Atl. 2nd, 633. (4) Should the trust be administered, and the assets constituting the corpus thereof be invested, in accordance with the law of the State of Maine or the law of the State of New York?

The will says that the trustee shall "pay * * * net income yearly to my brothers me surviving * * * to the children of my brothers * * * and to my cousin * * * share and share alike, *per capita* and not *per stirpes.*" These persons, entitled to the income during the lifetime of the widow, do not compose a "class," and the testator does not indicate that they take the income in any manner other than as tenants in common. *Stetson* v. *Eastman,* 84 Maine 366. There are no words of survivorship to indicate a joint tenancy in the income, and the provision to share alike indicates tenancy in common. *Blaine* v. *Dow,* 111 Maine 480; *Strout* v. *Chesley,* 125 Maine 171; *Cook* v. *Stevens,* 125 Maine 378, 384; *Doherty* v. *Grady,* 105 Maine 36, 44; *Hay* v. *Dole,* 119 Maine 421, 424.

The only condition imposed by the testator, with respect to receiving the income of the corpus of the trust, "share and share alike," was that the brothers, the children of brothers, and the cousin, be alive at the time of the testator's death. They must be "surviving." There is no indication that the testator required that they continue to live as long as the widow. The testator provided that the income should be paid *during the life of the widow,* to the brother who survived the testator, to children of brothers, and to the named cousin if she survived. The legatees are not named by the testator except Sarah M. Crone, but the relationship is so definitely given that identity is certain. The income for the widow's life was to be paid to Robert F.

Douglass, Robert F. Douglass, Jr., Marshall M. Douglass, Alice Douglass Graves, Sarah M. Crone, Helen D. Boshkoff and Jean Yeomans. Nothing is said by the testator as to what shall be done with income that accrues to one who dies after the testator and before the widow. It is evident, however, from the whole will that the testator did not intend that any portion of his estate was to be administered as intestate property.

The testator carefully provided in his will as follows: "Eleventh. I direct that the income of the trust herein created be paid to the beneficiaries thereof from and after the date of my decease and that no income from any part of my estate be deemed principal for any purpose."

There is no partial acceleration here, as claimed, and the educational institutions, who share in final distribution at the conclusion of the trust, cannot share in income at any time. It is plain that the testator desired all the income distributed among the above named relatives, who survived him, until the end of his wife's life.

It is our opinion that this right to receive the share of income during the lifetime of the widow became and was a vested interest which passes to the legal representatives of the now deceased brother Robert F. Douglass.

It seems to be a well settled rule in Maine, and this Court has stated, "that in the case of the bequest of income to several persons by name, to be divided among them equally, the legatees take as tenants in common and not as joint tenants, and in the case of the death of a legatee before the termination of the trust, the income must be paid to the legal representatives of the estate of the deceased legatee." *Morse* v. *Ballou,* 109 Maine 264, 267; *Davis* v. *McKown,* 131 Maine 203. This is also the rule in Massachusetts. *Shattuck* v. *Wall,* 174 Mass. 167.

In the case of *Davis, et als.* v. *McKown,* 131 Maine 203, 207, where the will of the testator provided that trustees "pay to my daughter, Florence C. Young the sum of five hundred dollars per year in quarterly payments so long as this trust continues," and the daughter died before testator's wife, this Court said: "The mode of gift, and context, and the words used, make clear that the testator bequeathed annual instalments of income to his daughter, for the full period of the trust. Nothing was said as to what should be done with the daughter's portion of the income accruing since her death and to the termination of the trust. It was unnecessary that the testator speak specifically. The law cares for the situation. Such income must be paid to the executor of the daughter's will; she having died testate. *Union Safe Deposit, etc. Company* v. *Dudley,* 104 Maine 297; *Morse* v. *Ballou,* 109 Me. 264, 267."

Counsel for the defendants, New York Academy of Medicine, College of Physicians and Surgeons of the Medical Department of Columbia University, and Columbia University, state in their brief that the testator "did not give a vested interest in one-seventh of the income of the trust estate of Robert F. Douglass" because of the language of the Court in the previous case of *United States Trust Company* v. *Minnie M. Douglass,* 143 Maine 150, 159, which case decided there was no acceleration due to widow's waiver. The words quoted by counsel are: "Under paragraph five of the will, above quoted, if any one of the named life beneficiaries dies during the lifetime of the widow his estate will be entitled to no part." Counsel fail to quote the balance of the paragraph which says: "If the widow's waiver has the effect of acceleration, the life beneficiaries will take a share of the estate now, even though one or all may predecease the widow, and possible future born children will be excluded. This would be a result never contemplated or intended by the testator." This statement of the Court in the previous

case was and is correct, because the foregoing sentence, as well as other sentences quoted by counsel in argument, refer to those provisions of the will regarding final distribution of the corpus of the estate, after the wife's death, and do not refer to the income from the trust, as a complete reading of the opinion will disclose. See *United States Trust Co.* v. *Douglass,* 143 Maine 150 at pages 153, 158, 159.

We are forced to disagree with the claim that, under this will of Henry Beaman Douglass, the income to which Robert F. Douglass would have been entitled during his lifetime should accumulate and be paid at the termination of the trust to those entitled to the corpus. This would be contrary to the expressed wish of the testator in the eleventh paragraph of his will "that no income * * * be deemed principal for any purpose" and also contrary to the rule stated in *Morse* v. *Ballou,* 109 Maine 264, 267. For these reasons, and reasons stated in *United States Trust Co.* v. *Douglass,* 143 Maine 150, no portion of the trust estate should at this time be distributed. The death of Robert F. Douglass permitted no acceleration. The share of income to which the late Robert F. Douglass was entitled should be paid to his legal representatives.

The bill in equity also asks whether the trust in this case should be administered, and the assets constituting the corpus thereof be invested, in accordance with the law of the State of Maine or the law of the State of New York. We do not find that this precise question has ever been formally passed upon by this Court, but as a matter of practice it has long been assumed by the bench and bar of Maine that, in the absence of a clearly expressed contrary intention by the testator, a testamentary trust is controlled by the law of the testator's home state where the will was allowed. The fact that a testator selects or nominates as trustee a person or corporation in whom he has confidence, who is living or may after live in another state and has possession of the

trust funds there, does not, in and of itself, mean that the testator intends or desires that the law of the trustee's residence shall apply to the trust.

The validity, construction, and effect of a will is determined by the law of the testator's domicile. *Gilman* v. *Gilman,* 52 Maine 165; *Emery* v. *Union Society,* 79 Maine 334, 340; *Holyoke* v. *Estate of Holyoke,* 110 Maine 469, 11 Am. Jur. "Conflict of Laws," 476, Par. 169. The construction of the terms of the will follows, of course, the intention of the testator unless some positive rule of law prevents. *Gregg* v. *Bailey,* 120 Maine 263; *Harris* v. *Austin,* 125 Maine 127. The law of the state in which land is situated controls its descent, devise, alienation and transfer, and the construction of instruments intended to convey it. *Philadelphia Trust Co.* v. *Allison,* 108 Maine 326; *Bates* v. *Decree,* 131 Maine 176, 11 Am. Jur. "Conflict of Laws," 351, Par. 63. The statute of Maine gives jurisdiction in equity to determine "mode of executing" and "expediency of making changes" in a trust estate. Revised Statutes (1944), Chapter 95, Section 4, Par. X.

The line is not clear in the decided cases as to what constitutes a question of the administration of a trust estate and what constitutes a question of validity. Unfortunately, the Courts are not in harmony. In view however, of the well considered cases of *Lozier* v. *Lozier,* 99 Ohio 254, 124 N. E. 167, and *In re Johnston's Estate,* 127 N. J., Eq. 576, 14 Atl. 2nd, 469, citing *Chase* v. *Chase,* 2 Allen, (Mass.), 101, in the light of the inferences to be drawn from our own cases where trustees asked instructions, such as *Moore* v. *Emery,* 137 Maine 259, 18 Atl. 2nd, 781 and *Thatcher* v. *Thatcher,* 117 Maine 331, and in view of the long established practice in Maine, we will follow the rule that in the absence of an expressed intention otherwise, the law of the testator's domicile will control. The right of the trustee to receive the trust funds is derived from the decree of the Probate Court.

The Probate Court that allowed the will (or the Equity Court) must pass on the accounts of the trustee.

In this case the law of Maine and not the Law of New York should control the administration of this Douglass trust.

This bill having been brought to obtain the construction of a will upon provisions in relation to which doubts might well exist, costs including reasonable counsel fees should be allowed to all parties to this suit to be paid out of the assets and charged in the Probate account.

> *Case remanded to the Supreme Judicial Court sitting in equity for decree in accordance with this opinion.*