99 A.2d 342 (1953)
STROUT
v.
LITTLE RIVER BANK & TRUST CO. et al.
Supreme Judicial Court of Maine.
August 29, 1953.
MURRAY, Acting Retired Justice.
This case is in this Court on report. It is a bill in equity brought by the plaintiff as trustee under the will of Harriet E. Whidden for construction of her will. All interested parties are in Court. The material parts of the will follow:
"First I give, devise and bequeath to Charles A. Strout of said Portland all my estate real, personal and mixed, however described and wherever situated to have and to hold to him and his successors in trust for the following purposes, to manage and control the *343 same and apply the net income thereof to the support and maintenance of my son Harold F. Whidden during his lifetime. Said trustee to use the whole or any part of the principal in case he considers that the comfort and suitable maintenance of said Harold F. Whidden require the same to be so used and this may be done at any time.
"Said trustee shall have the right to sell any part or the whole of said estate if he deems it advisable and invest and reinvest the same as may in the exercise of his best judgment be advisable.
"At the decease of said Harold F. Whidden the estate remaining in the hands of said trustee shall go to my legal heirs."
At the time of the decease of Harold F. Whidden there was in the hands of the trustee income amounting to $542.23, and principal amounting to $30,340.92. He died leaving neither widow nor children. Defendant, Little River Bank & Trust Company, is his qualified administrator. He survived the testatrix, and was her only child. Her father, mother, and husband predeceased her. She was survived by two sisters Elizabeth Lynch and Mary Page, a niece Hazel D. Belisle, the only child of another sister Annie Burns who predeceased the testatrix.
The trustee asks this Court to instruct it whether it should pay the principal to the administrator of Harold F. Whidden, as her only heir, at the time of the death of the testatrix, or to whom he shall pay it if it is to be distributed at the time of the death of said Harold F. Whidden. He also asks as to whom he shall pay the income accrued at the time of the death of Harold F. Whidden.
The question as to the income is easily answered. By the will, the trustee was commandedhe had no discretionto apply the net income to the support of Harold F. Whidden. It matters not that he had not used the balance now in his hands for that purpose. At the death of Whidden it had acquired and was his in equitable fee simple, subject to the trust imposed thereon. Davis v. McKown, 131 Me. 203, 208, 160 A. 458.
The other question is not so easily answered, in order to do so we must ascertain the intention of the testator, and that intention must prevail and effect given to it, provided that it be consistent with the rules of law. Merrill Trust Co. v. Perkins, 142 Me. 363, 53 A.2d 260; Abbott v. Danforth, 135 Me. 172, 192 A. 544.
The intention of the testatrix must be found from the language of the will, read as a whole. In case of doubt as to intention, the circumstances surrounding its making may be considered. Cassidy v. Murray, 144 Me. 326, 68 A.2d 390.
This case appears to be one in which the will and the surrounding circumstances should be considered.
The administrator of Harold F. Whidden contends that Whidden was the only heir at law of the testatrix when she died, that the remainder vested in Whidden at the death of the testatrix, and cites a number of cases which he says sustain this position.
The other claimants contend that it is apparent that testatrix intended that Harold F. Whidden should have a life estate and as much of the principal as trustee considered would be required for the comfort and suitable maintenance of said Whidden, and no more. That he was excluded as an heir and that the remainder vested in them at his death.
The fact that there was a power of disposal in trustee, did not prevent the remainder from vesting at death of testatrix. It might be devested in whole or in part but this only affects the enjoyment. Abbott v. Danforth, supra.
So strong is the presumption that testators intend the vesting of estates, that *344 it is an elementary rule of construction that estates, legal or equitable, given by will, should always be regarded as vesting, unless the testator has, by very clear words manifested an intention that they should be contingent upon a future event. Abbott v. Danforth, supra; Blaine v. Dow, 111 Me. 480, 485, 89 A. 1126, 1129.
The presumption is, when the words legal heirs are used in the will, that they are used in the sense that has been accredited to them by usage and sanctioned by judicial decisions, unless a clear intention to use them in another sense is apparent from the will and surrounding circumstances, Morse v. Ballou, 112 Me. 124, 127, 90 A. 1091.
The fact that the life tenant is the sole heir is not sufficient to bar him as remainderman. Abbott v. Danforth, supra.
Heirs at law are not to be disinherited by conjecture but only by express words or necessary implications. Howard v. American Peace Society, 49 Me. 288.
These are some of the cases cited by the administrator, and as we understand from the briefs of the other claimants, they do not quarrel with those cases. Nor does the Court. The Court has given them careful consideration.
But as pointed out in Abbott v. Danforth, supra, which in turn cites Bradbury v. Jackson, 97 Me. 449, 54 A. 1068, 1070, they lack the authority properly accorded to precedents in the application of legal principles generally. The reason given is the intention of the testator under the particular instrument, is what is sought, and all rules of construction are designed to ascertain and give effect to that intention. It must prevail, provided it be consistent with rules of law, and this rule is one to which all other rules must bend.
The circumstances surrounding the making of the will which are of assistance in finding the intention of this testatrix follow. At the time of the making of the will, she was a widow about fifty years of age, Harold F. Whidden her only child was about twenty-five years of age, and unmarried. There were also some sisters. The will was executed October 19, 1909. Testatrix died February 22, 1917.
The will shows that testatrix was very careful that her son should be well cared for during his lifetime. It also shows that she was just as careful that he should not have the handling of her estate. It was the trustee who was to manage, control, and sell should the occasion arise. Even the income was to be applied by the trustee to Whidden's support. She probably felt she would have no more children, but there is nothing to show that she was not like a normal mother and perhaps hoped to have grandchildren. To her "son" she gave the life estate, to "her legal heirs" she gave the remainder. She was careful that as life tenant he could not control her estate, yet, if she intended to consider him as an heir, he could convey his remainder. If her intention was that her son was "her legal heirs", then she, after having taken such great care that her estate should not be wasted during the lifetime of Harold, intended to disinherit possible grandchildren.
We think the word "son", and the words "legal heirs", one singular and the other plural, is significant, and as she wrote her will, she meant son and legal heirs to have two different meanings. It seems to this Court that the facts surrounding the making of her will show that she did not intend Harold F. Whidden to be included within the words "legal heirs." Her intention was that the remainder was contingent, it was to vest in her legal heirspossible grandchildren, sisters, nieces or nephews, at the death of Harold F. Whidden.
The true meaning of the will is that the accrued income should be paid to the administrator *345 of the estate of Harold F. Whidden. The remainder should be paid to her heirs at the time of the death of Harold F. Whidden according to the laws of descent, to wit, one-sixth to each of the following: Hazel Belisle, Ethel Johnston, Margaret Hersey, Bertha Smith, Dorothea Cornwell, and Lawrence Lynch.
The sitting Justice is directed to fix reasonable counsel fees for all parties, to which shall be added necessary disbursements, which sums shall be paid by trustee and allowed in his account.
Bill is sustained. A decree may be drawn according to this opinion, to be presented to the sitting Justice.