TERESA DAMON & another *vs.* ANN DAMON.

A testator commenced his will as follows: " I, A. B., being about to go to Cuba, and knowing the danger of voyages, do make this as my last will and testament, in manner and form following: First, if by casualty or otherwise I should lose my life during this voyage, I give and bequeath to my wife," &c.; and afterwards gave independent bequests, and spoke of the instrument as his last will and testament. He made the voyage and returned in safety, and afterwards died. *Held,* that the will should be admitted to probate.

APPEAL from a decree of the judge of probate, allowing the probate of an instrument dated August 3, 1860, the material portions of which are as follows :

" In the name of God, Amen. I, J. W. Damon, of Charles-town, in the County of Middlesex, Commonwealth of Massa-chusetts, being in sound mind and body, and being about to go to Cuba, and knowing the dangers of voyages, do hereby make this as my last will and testament, in manner and form follow-ing :

" First, If by casualty or otherwise I should lose my life during this voyage, I give and bequeath to my wife Ann the use and behoof of the house now building in this Charlestown, situ-ated on the corner of High Street and Monument Avenue, dur-ing her natural life, and then to descend to our children Teracita and Lottie, together with the house on the corner of Main and Green Streets, with any other house or houses I may be pos-sessed of on Monument Avenue : also one half of the wharf situate in Charlestown, called ' Damon's Wharf,' and all the property I may hold on the Island of Cuba at the time of my decease. And I hereby give to my nephew John Martin Damon the other half of the said ' Damon's Wharf,' to hold and to have for his use."

[The second and third clauses contained devises to his neph-ews and brothers, and appointed his wife executrix.]

" Signed and. deposited among my papers, making my wife Ann accountant, with those she may choose to settle all affairs in Cuba and all other places where I may have business at the time of my decease, of this my last will and testament."

It was agreed that J. W. Damon died in Charlestown, where he then resided, on the 26th of March 1863, leaving a widow, the appellee, and two minor children, Teresa and Charlotte, the appellants. The above will was a holograph, executed in Charlestown. In the fall of 1860 the testator went to Cuba and returned safely in 1861. He had for many years carried on business in Cuba, where he had a large property.

The case was reserved by *Hoar*, J. for the determination of the whole court.

*D. Thaxter*, for the appellants, cited *Parsons* v. *Lanoe*, 1 Ves. Sen. 189; *Ex parte Lindsay*, 2 Bradf. (N. Y.) 204 ; *Todd's Will*, 2 Watts. & S. 145 ; *Wagner* v. *M'Donald*, 2 Har. & Johns. 346

*Tarver* v. *Tarver*, 9 Pet. 174 ; *Sinclair* v. *Hone*, 6 Ves. 607 ; *In re Ward*, 4 Hagg. Eccl. 179 ; *Burton* v. *Collingwood*, Ib. 176 ; *Strauss* v. *Schmidt*, 3 Phillimore, 209 ; *Bateman* v. *Pennington*, 3 Moore P. C. 223.

*S. Bartlett*, for the appellee, cited, in addition to some of the above cases, 1 Williams on Executors, (4th Amer. ed.) 163 ; Swinburne, 986.

HOAR, J. There seems to be no reason upon principle why an instrument cannot be made which is to take effect as a will only on the happening of a contingency named in it. As every devise or legacy, and the appointment of an executor, may be made conditional, if the same condition applies to all, it may be as well annexed to the entire instrument as to a single provision ; and the happening of the condition can then be ascertained when the will is offered for probate. And so it has been held in various cases which have been cited at the bar.

But there are two points to be settled before a will can be rejected from probate on the ground that it is a conditional will, and that the condition has failed ; first, whether the intention of the testator is to make the validity of the will dependent upon the condition, or merely to state the circumstances and inducements which lead him to make a testamentary provision ; and secondly, if the language clearly imports a condition, whether it applies to and affects the whole will, or only some parts of it.

We are unable to see that, on any sound principle of construction, the language used in this will can be taken to express merely the cause and inducement of making it. The introductory clause is complete in itself, in a form quite common, and states distinctly the motive of the testator in making the will. " I, J. W. Damon, of . . . . . being in sound mind and body, and being about to go to Cuba, and knowing the dangers of voyages, do hereby make this as my last will and testament, in manner and form following." So far, what is said applies to the whole instrument. Then come the particular dispositions : " First, If by casualty or otherwise I should lose my life during this voyage, I give and bequeath to my wife Ann," &c. The

condition is thus grammatically, and according to the common use of phraseology, attached to and qualifies the particular bequest. He gives a certain piece of property to his wife, if he loses his life during the voyage. There is no gift to her without that qualification. Suppose any other condition had been expressed — " If I die before I reach a certain age," or " before a certain house is finished;" or " if the legatee survives A.;" could it be doubted that it would make the bequest conditional? The word " first," preceding the condition and the gift, has a tendency to show that the testator is expressing a particular qualification and not a general purpose. To change the word " if" into " lest" would be to make a change in the meaning on grounds purely conjectural.

The other reasons urged for the opinion that the whole will was made " lest the testator should die during the voyage," namely, the appointment of his wife as accountant to settle his affairs in Cuba " and all other places where I may have business at the time of my decease," he having no business elsewhere than in Cuba and Charlestown when the will was made, and the repetition of the phrase " this my last will and testament," whatever weight might be given to them if the sole question were whether the whole will must fail if he accomplished the voyage in safety, are deprived of all force if the condition affects but a single clause.

And upon the second question proposed, we are of opinion that the condition does not affect any other than the first clause of the will, and that the will is therefore entitled to probate, having been duly executed.

The case most nearly analogous, to be found among the adjudged cases, is that of *Parsons* v. *Lanoe,* cited from 1 Ves. Sen. 189, but also to be found in Ambl. 557. Each of these reports is apparently imperfect and fragmentary ; but, by taking both, a pretty correct idea of the case can be obtained. The report in Ambler is the best, so far as it gives the will itself more at length ; and some of the expressions attributed to Lord Hardwicke in Vesey, to which it is hard to give a sensible meaning, are not found in it. As there recited, the will began thus ·

" I, Charles De Lanoe, of . . . . . do make and appoint this to be my last will and testament, in manner following : i. e. *Imprimis*, In case I should die before I return from the journey I intend, God willing, shortly to undertake for Ireland, my will and desire is, that my house and lands at Farley Hill . . . . . be all sold," &c. Each subsequent clause containing a bequest referred expressly to this sale, and provided for a payment out of it ; the final bequest being of the residue of the money arising from the sale, with all the remainder of his estate, real and personal, to his wife, whom he appointed executrix. The suit was a bill in equity for the payment of one of the legacies, and to procure a sale of the real estate for that purpose. The testator was childless when the will was made, and returned from Ireland, and had children born to him afterward. According to the report in Ambler, Lord Hardwicke decided that the condition was not so inserted as in express terms to make the whole will conditional ; but that beyond all controversy it made the devise as to the sale conditional ; and that all the subsequent dispositions were made to depend upon the sale, and so were connected with the condition. He did not advert to the appointment of an executrix ; and all that was essential to the decision was, that the legacy to the plaintiff was upon a condition which had failed. He proceeded to discuss the effect of the birth of the children as a revocation of the will, but gave no opinion upon it, though intimating some views of his own respecting it. And it is manifest from the context that the remark which Vesey attributes to him, that his conclusion on the second question " greatly strengthens the construction upon the first," was misunderstood by the reporter; and that he could have only referred to the satisfaction which the court felt in coming to the decision which was made upon the construction of the will, in view of the result which a different decision would have caused, by disinheriting the children. Lord Hardwicke further held that no collateral proof of declarations of the testator respecting the will, not amounting to a republication, were admissible to control the effect of the condition.

In the case at bar, the condition stands very much as in

*Parsons* v. *Lanoe.* But the second and third clauses in the will are entirely independent of the first, and do not refer to it in any manner. They contain distinct legacies to collateral relatives. The will does not purport to make any disposition of personal property, unless the property referred to " on the Island of Cuba " may·be construed as including some.

The cases cited at the argument, with the exception of *Parsons* v. *Lanoe,* afford but little aid in coming to the decision at which we have arrived, and are chiefly valuable as showing that courts do not incline to regard a will as conditional where it can be reasonably held that the testator was merely expressing his inducement to make it, however inaccurate his use of language might be, if strictly construed. But no authority has been found which would justify us in rejecting this will as wholly conditional.

We intend to express no opinion upon the point, how far the condition qualifies the devises in the first clause. It is very difficult to give all of the provisions a sensible interpretation, and one of the parties largely interested has not been a party to the hearing. We only decide that the will is to be admitted to probate. *Decree affirmed.*