IN THE

# COURT OF ERRORS AND APPEALS

## OF THE STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY.

### MARCH TERM, 1872.

---

### LOZEAR, appellant, and SHIELDS, respondent.

1. In cases of alleged want of mental capacity, the test is whether the party had the ability to comprehend, in a reasonable manner, the nature of the affair in which he participated.

2. On a bill to redeem, the general rule is that the mortgagor must bear the costs; but the mortgagee, by his misconduct, may forfeit his immunity, and be condemned to pay them.

Whether an appeal will lie from a decree on the point of costs.—*Quære.*

---

This was a bill to redeem. The property mortgaged had been owned by the mortgagee, and had been conveyed by him to the mortgagor, and the mortgage in question had been given by the latter to secure a part of the purchase money. Some time after the mortgage had fallen due, the mortgagor tendered the amount of the principal and interest to the mortgagee, who refused to receive it. The bill to redeem grew out of this refusal.

VOL. VIII.                    2 K

The mortgagee filed an answer, and exhibited a cross-bill, setting up that at the time of the conveyance of the premises, he was so far deprived of his reason that he was disabled from acting rationally and making sale of his land.

The case came on for final hearing in the Court of Chancery on the bill, answer, cross-bill, and proofs.

The appeal is from a decree of the Court of Chancery, made in accordance with the opinion of the Vice-Chancellor, reported in 7 *C. E. Green* 448.

*Mr. Shipman,* for appellant.

*Mr. Vanatta,* for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

The Vice-Chancellor, who heard this case, decided against the defendant below, who is the appellant in this court.

The defence stood upon the ground that the transaction, embracing the sale of the property and the taking of the mortgage, was invalid, in consequence of the want of mental capacity in the appellant. Upon the opening of the matter here, this court considered the questions involved so clear of doubt that the counsel of the respondent was not called upon for a reply.

On the point of intellectual incompetency, which was the only one involving the merits, the proofs were conspicuously feeble. Taken at the strongest, they merely showed an excitement of mind, touching. religion, which tended towards monomania. Even if aberration of mind existed, it was confined to this sphere of mental action. There was no attempt to show anything beyond this. The defence, therefore, was built upon a false foundation, viz. on the supposition that if any phase of insanity was apparent, the transaction in question was invalidated. But this was an entire mistake. Such a circumstance would indeed quicken the ordinary vigilance of a court of justice into a watchful jealousy, but standing alone, it would not be sufficient, of necessity, to set aside a

sale of real property, or any other act. Mania does not, *per se*, vitiate any transaction, for the question is whether such transaction has been affected by it. Where a pure defence of mental incapacity is interposed, I think the true test, in this class of cases is, whether the party had the ability to comprehend, in a reasonable manner, the nature of the affair in which he participated. This is the rule in the absence of fraud, for fraud, when present, introduces other principles of decision. In the present instance there is no pretence of any imposition. It is abundantly shown that the price paid for the property was a fair one, and it is equally clear that the appellant perfectly understood the character, legal conditions, and effect of the act of which he now complains. Under these circumstances, the proof of a morbid turn of mind, on a subject entirely disconnected with the sale of his property, was absolutely irrelevant. The conclusion of the Vice-Chancellor was the necessary result from the facts in evidence.

The decision in the court below was also right with respect to the question of costs. The appellant complains that he has been burthened with the costs of the mortgagee on a bill to redeem. There can be no doubt that the usual practice in a court of equity is to refuse, in ordinary cases, costs to the complainant in suits of this description. The proceeding, in its simplest form, is one beneficial to the mortgagor alone, its object being to free the property from the encumbrance which he himself has put upon it; and hence the rule, as above stated, is a just one when applied to such a proceeding. But the mortgagee can lose the benefit of this rule by his own misconduct, and, under such circumstances, may be made to pay costs. There are a number of cases in the English reports which establish this reasonable exception to the general rule. Among these are the following, viz. *Shuttleworth* v. *Lowther*, cited in *Detillin* v. *Gale*, 7 *Ves.* 583; *Mocatta* v. *Murgatroyd*, 1 *P. Wms.* 393; *Harvey* v. *Tebbutt*, 1 *J. & W.* 197.

In the present instance, the conduct of the appellant has

placed him, I think, within the scope of this exception to the general rule. His conduct has been vexatious and unjust. He put every obstacle in his power in the way of a tender of the mortgage money being made to him, and he refused the money when offered. He then set up an unfounded defence. This misbehavior made it equitable not only to refuse him his costs in the redemption suit, but to compel him to pay the expense of that proceeding. I think in this particular also the result in the Court of Chancery was correct.

To avoid misapprehension, it is proper to remark that in reviewing the foregoing question of costs it is not intended to intimate that it is unquestionable that an appeal will lie on account of an error in a decree on the point of costs. No opinion is expressed on the subject.

The question of a tender, unattended by the payment of the money into court, was not appealed from, and, consequently, has not been considered by this court.

The decree should be affirmed.

For affirmance—BEASLEY, C. J., CLEMENT, DALRIMPLE, DEPUE, OGDEN, OLDEN, SCUDDER, VAN SYCKEL, WALES, WOODHULL. 10.

_For reversal—NONE.