EXECUTORS OF JONATHAN H. RANSOM, deceased,

*v.*

DARIUS W. GEER.

1. At law, one of two executors cannot sue his co-executor, but in equity he may.

2. An executor cannot be permitted to conduct both sides of a litigation in which he has a personal interest adverse to the estate which he represents, and, in such a suit, he cannot be both a complainant and a defendant.

3. Where a suit is brought against an executor, for a debt due from him to the estate, he should not be made a complainant, but should be made a defendant in the character in which he owes the debt.

4. Proceedings in equity are conducted with less regard to mere form than proceedings at law.

5. When a bill, in its premises, sets forth sufficient facts to show that the complainant is entitled to relief as an executor, or that the defendant is liable as an executor, it is not necessary that either should be so styled in the commencement or conclusion of the bill.

6. Where a complainant is compelled, in stating his case, to show that he holds rights in the subject matter of the suit in two different

characters, the court, in virtue of the facts upon which he gets a stand-
ing in court as a suitor, acquires jurisdiction over him for all purposes
connected with the suit, and may, by its decree, settle and adjudge all
his rights.

On hearing, on demurrer.

*Mr. L. Zabriskie,* for demurrant.

*Mr. George R. Dutton,* for complainants.

THE VICE-CHANCELLOR.

The demurrer in this case ascribes two faults to the bill:
First, that it omits a necessary party who should be either
a complainant or a defendant in his representative capacity;
and, second, that it omits another person who is a necessary
party defendant.

The bill is filed by Warren A. Ransom and Aaron P.
Ransom, as executors of the last will and testament of Jona-
than H. Ransom, deceased, against Darius W. Geer and
Edward W. Geer. The complainants sue as executors, and
ask relief against the defendants as individuals. The bill is
founded on three mortgages made by Darius W. Geer and
wife to the two complainants, and also to Darius W. Geer,
as executors of Jonathan H. Ransom, deceased, and prays
that payment of the mortgage debts may be decreed, and,
in case default shall be made, that the mortgaged premises
may be sold. It will be observed that Darius W. Geer is
made a defendant as an individual, but is neither a complain-
ant nor defendant in his representative capacity. This omis-
sion, it is insisted, renders the action fatally imperfect in its
parties. It is not averred that the Darius W. Geer who is
the mortgagor, is another and different person from the per-
son of that name who is the executor. Both the mortgagor
and the executor being designated by precisely the same
name, I think it must be assumed, in the absence of an aver-
ment to the contrary, that both characters belong to the

same person. That is the fact, and if it were possible, by a system of artificial reasoning, to reach a different conclusion, such conclusion would in this case be contrary to the truth.

At law, one of two executors cannot sue his co-executor, but in equity he may. *Rinehart's Ex'r* v. *Rinehart*, 2 *McCart.* 45; 3 *Wms. Ex'rs* 1911; 1 *Daniell's Ch. Pr.* 227; *Decker* v. *Miller*, 2 *Paige* 150; *Wood* v. *Brown*, 34 *N. Y.* 344 *McGregor* v. *McGregor*, 35 *N. Y.* 221; *Peake* v. *Ledger*, 8 *Hare* 313; *Smith* v. *Lawrence*, 11 *Paige* 208. It was said, in the case last cited, that an executor cannot sue his co-executor at law for a debt due by the latter to their testator, because each has the same right to the funds of the estate, and the effect of a common law recovery would be to transfer the particular fund represented by the debt, from the custody of the defendant into the exclusive possession of his co-executor. But one may sue the other in equity; for, a court of equity, owing to its peculiar mode of administering relief, may determine the question of how much is due from any one of the executors to the estate, without changing the possession of the fund, or compelling one to deliver the funds in his possession to the other; and may, also, after the amount of the debt in dispute is settled, make such order respecting its custody and disposition as justice shall require. These authorities render it obvious that it was not necessary, to the perfection of this suit, to make the executor, against whom relief is sought, a complainant. Nor could such a practice be tolerated as at all compatible with the proper administration of justice. An executor cannot, at the same time and in the same suit, be permitted to act both for and against the estate. *Black* v. *Shreve*, 3 *Hal. Ch.* 457. Fundamental principles forbid that he should be trusted to conduct both sides of a litigation, or even allowed to occupy a position where he would be entitled to know, in advance, by what means it was expected the claim against him could be established, and also what evidence would be offered in disproof of his defence. But was it necessary in this case

Ransom *v.* Geer.

to make Darius W. Geer a defendant in his representative capacity ?

In *Evans* v. *Evans*, 8 *C. E. Gr.* 72, a suit was brought by one of three executors against the other two. By the will under which the three derived their authority, a devise of certain lands was made to each of the defendants, subject to the payment by each of a certain sum into the estate. The complainant, as legatee, was entitled to a part of the money. The complainant was not styled executor in the commencement of the bill, nor were the defendants styled as executors in the prayer for process; but the bill, in its premises, fully stated the facts upon which the complainant's right to relief rested, and correctly described the character and relation of the parties. Chancellor Zabriskie, in disposing of a demurrer grounded upon an objection that the bill should have been filed by the complainant as executor and against the defendants as executors, said: "Proceedings in equity are conducted with less regard to mere matters of form and technical objections than proceedings at law. When a bill, in its body, sets forth facts which give the complainant a right as executor, or make the defendant liable as such, so that the court, upon these allegations, can give the relief required, it is mere form, and useless form, to require that either party should be so styled in the commencement or conclusion of the bill." And, upon the question as to the character in which the defendants stood bound in that case, he said: "In this case the defendants were personally bound to pay this money into the estate. Upon their failure to do so, the complainant, as an executor, could file a bill to compel such payment. So long as they have not paid the money into the estate, the suit must be against them individually, to compel such payment." So here, the liability sought to be enforced is that of the individual and not of the representative. If a decree goes against him, it must be against the individual and not the executor; and the suit, therefore, is properly brought against the individual.

---

Ransom *v.* Geer.

---

In *Dare's Adm'rs* v. *Allen's Ex'rs*, 1 *Gr. Ch.* 288, it appeared that a legacy had been given to a married woman whose husband died intestate after the bequest took effect and before the legacy was paid. Administration was granted to the widow and two others, who, without the widow's consent, directed an action to be brought for the legacy in the names of all the administrators, charging that the husband had reduced the legacy into possession during his life-time, and claiming that his administrators were, therefore, entitled to it. On the application of the widow, Chancellor Pennington struck her name from the bill as a complainant, and made her a defendant, stating that it was not enough that she should be a party to the suit, so that the court could protect her interest, but that she had a right to be in a position where she would be free to set up rights in her own way. She was made a defendant in her individual capacity. These adjudications cover the whole field of controversy upon the first point, and leave no doubt that Darius W. Geer was properly omitted as a complainant, and that he was properly made a defendant as an individual.

One of the complainants, Warren A. Ransom, holds a mortgage in his own right, and not as executor, on the mortgaged premises. It is admitted to stand subsequent in order of priority to those held by the executors. He admits the complainant's case as made by the bill, and, so far as the record shows, he has no interest standing in the slightest conflict with the interests of the estate which he in part represents. He is a party to the suit, and has, by an express averment, submitted himself, in his individual capacity, to the power of the court, and agreed to perform any decree the court may deem it proper to make in respect to his mortgage. The defendant insists that this is not enough, but to make the suit perfect in parties, Mr. Ransom must be made a defendant in his individual capacity. But why? He is now in court in both his representative and individual capacity, and, in both characters, is entirely under the control of the court. The complainants could not state their case

in due legal form without disclosing all rights and interests in the mortgaged premises acquired subsequent to their first mortgage.    Mr. Ransom was compelled, by the very nature of the case he was required to present, to come into court in both characters, and therefore, simply in virtue of the facts upon which he was permitted to acquire a standing in court as a suitor, the court obtained complete power over him, both as an executor and as an individual, and may lawfully adjudge and determine upon his rights and duties, in both characters, in dispensing justice respecting the subject matter of the suit.    One of the fundamental purposes of a court of equity is to do complete justice by settling the rights of all parties having any interest in the subject of the suit, and to this important end it requires that all persons interested in the subject matter of the controversy shall be brought before the court, either as complainants or defendants, that all their rights may be settled and concluded by its judgment.    That requirement, in my opinion, has been substantially complied with in this case, and the demurrer should, therefore, be overruled, with costs.