The bill originally filed in this cause by Mr. Shippee, named as defendant no one but himself in his capacity as executor of the wills of his two sisters. When this transpired, the court refused to proceed on the ground that no suit was pending. It takes two to make a law suit. The bill was then amended to join the State of New Jersey as defendant, but Mr. Shippee still appears on both sides of the fence. "It is clear that a man cannot, in his individual capacity, sue himself in his capacity as executor. Can he, in his individual capacity, sue himself and two others as executors of a will; *Page 571 
or can he, because he is joined in his individual capacity with two other complainants suing in their individual capacity, make himself, as executor either alone or with other executors of the same will, a defendant in the suit in which he, in his individual capacity, is a complainant? I think not." Black v. Shreeve,7 N.J. Eq. 440, 457. See, also, Executors of Ransom v. Geer,30 N.J. Eq. 249, and Johnson's Executors v. Dubel,3 Atl. Rep. 705. A person by acting as executor or trustee, does not become a corporation; he is the same natural person as he is in his individual capacity. Of late years, however, the practice has grown quite common to name the same person both among complainants and defendants, but in different capacities. This, although harmless in most cases, is irregular. If a complainant has diverse interests in the controversy, he should state them all in the bill and submit himself to the jurisdiction of the court in his several capacities and not only in the one in which he prays relief.
Anna Shippee, in 1931, made a will by which she bequeathed her estate to her sister Mary. And then: "In case my said sister Mary L. Shippee should die simultaneously with me, or shortly before or after me, as the result of an accident, or otherwise," the estate shall pass to her brother, the complainant. Anna died October 26th, 1934, and Mary, forty-one days later, not as a result of an accident. The only question is whether or not the gift to complainant took effect. His counsel points out that Mary contracted her fatal illness several months before Anna's demise; but this was some years after the date of Anna's will and cannot influence the construction of the will.
In Hackensack Trust Co. v. Hackensack Hospital Association,120 N.J. Eq. 14, Vice-Chancellor Lewis dealt with a will in which testatrix first gave her property to her daughter and added: "But should my said daughter predecease or not survive me, or should she and I perish in a common disaster, she leaving no issue her surviving," then over to other parties. Testatrix and her daughter, in an automobile accident, received injuries from which both died, the daughter about thirteen hours after her mother. The vice-chancellor said: *Page 572 
"The mother, of course, wished her daughter to benefit by the residuary clause in her will, but there was no reason, if the daughter should not be able to enjoy the mother's estate, why the power of disposition of the residue should then be taken away from the mother and given to the daughter to dispose of not in accordance with the mother's wishes but in accordance with those of the daughter. I therefore find that it was not the intent of the testatrix to vest the residue in the daughter under the facts shown." If we apply this principle to Miss Shippee's will, we are confronted with the question, For how long must her sister be able to enjoy the estate, in order that the gift to her should be absolute? And that brings us back to the word "shortly."
"Shortly" is a relative term. Jefferson was president shortly
after Washington — only four years intervened. A football team makes a touchdown shortly after the game started — perhaps five minutes. In the will "shortly" is distinguished from "simultaneously," which refers to the two deaths at the same instant, or perhaps so close together that one could not tell which death happened first. "Shortly" used in relation to "simultaneously" is measured by hours or days rather than by weeks.
And we must not overlook the clause "as a result of an accident, or otherwise." Testatrix had primarily in mind an accident, perhaps in an automobile, which should cause the death of both herself and her sister. While the will does not restrict the gift over to this contingency, death as a result of accident furnishes some standard for "shortly" and without which the condition might be so vague that the bequest would be void. In some fatal accidents, the victim lingers on for a long time, but in the generality of cases, a week or two ends the tale. Such a happening and such a period was what testatrix contemplated. I am constrained to hold that the gift to complainant did not become operative. *Page 573