By lease dated December 18th, 1939, the defendants as landlords rented to complainant as tenant, the first floor of a three-story building on premises owned by the landlords for a term to commence January 1st, 1940, and to end June 30th, 1944, at the monthly rent of $65, with the option to the tenant at any time prior to April 1st, 1944, of renewing the lease for an additional three years at the monthly rent of $75. The lease, expressly made subject to a mortgage covering the entire premises then held by United National Bank of Cliffside Park, provided that the tenant should pay the rent reserved to said bank and the landlords executed an assignment of *Page 516 
rent for that purpose. The tenant entered into possession of the leased floor and in February, 1940, the landlords orally leased to him the second floor of said premises at a monthly rent of $15, of which floor the tenant also entered into possession. The mortgage was in default for ten years prior to the date of the written lease and after the execution of that lease the rent thereunder, as well as the rent of the additional floor, was paid to the mortgagee who applied the same, with other money paid by the landlords, on account of taxes, repairs, insurance and interest until on March 13th, 1944, there was due on the mortgage for principal and interest $7,878.55. On that date the complainant while tenant in possession of the two leased floors purchased the mortgage, without notice to the landlords, from trustees in liquidation (the bank having suspended business) for $3,000 and took an assignment thereof and of the accompanying bond. Thereafter, on March 20th, 1944, the complainant tenant gave notice to the landlords that he exercised his option to renew his written lease, under which notice the complainant's right of possession as tenant of the first floor of the mortgaged premises was extended to June 30th, 1947, and he continued in possession of the second floor under his oral lease. The tenant as complainant in this cause filed his bill July 11th, 1944, to foreclose the mortgage and he claims to be entitled to receive the full face amount of principal and interest as secured to be paid by its terms. He has continued to occupy the two floors he had leased from defendants landlords and I gather from the testimony that he ceased paying rent therefor from and including the rent due April 1st, 1944. The defendants contend that the complainant could not by the purchase of said mortgage destroy the existing relation of landlord and tenant and cease to pay rent to defendants; that complainant should be decreed to hold said mortgage in trust for defendants and should also be decreed to surrender it to them endorsed for cancellation upon being reimbursed by defendants for the amount actually paid in its acquisition, less the unpaid rent of the leased premises.
Although the mortgage was long overdue and subject to foreclosure and the bank, the original mortgagee, and the *Page 517 
trustees in liquidation often requested defendants to pay it off, they had been content to withhold legal action so long as the defendants by rent or otherwise, made payments with more or less regularity. When complainant entered into the written and oral leases with defendants, he knew his tenure was subject to the mortgage and might be disturbed by its foreclosure. He had the right to protect his tenure against such action by purchasing the mortgage (Bates v. Conrow, 11 N.J. Eq. 137), but he was in no more danger in March, 1944, of being dispossessed by foreclosure than he had been during his four years of tenancy, for the attitude of the trustees in liquidation was no different than had been their attitude and the attitude of the bank for at least ten years; there had then been no demand for satisfaction of the mortgage or threat of foreclosure made either on complainant or defendants. Complainant without the knowledge of defendants voluntarily sought out the mortgage holders and was able to purchase the mortgage at a large discount. Having purchased it while a tenant of defendants, he did not wait for expiration of his tenancy under his leases to assert possession as mortgagee but he renewed his written lease and his possession of both floors of the mortgaged premises having begun as tenant is presumed to have continued under the relation of landlord and tenant and not as mortgagee. Leport v. Todd, 32 N.J. Law 124;Ellveeay, c., Association v. Wagner Market Co.,110 N.J. Law 577; affirmed, 112 N.J. Law 88; Dobbelaar v. Hughes, 109 N.J. Eq. 200.
Complainant could not dispute his landlords' title (Zabriskie v. Sullivan 80 N.J. Law 673; affirmed,82 N.J. Law 545; Levenson Wrecking Co. v. Gatti-McQuade Co.,93 N.J. Law 184; Lit v. R.C. Maxwell Co., 96 N.J. Law 293), nor could he acquire a lien on the demised premises and use such lien for the purpose of terminating his tenancy (Smith v. Specht, 58 N.J. Eq. 47) and he was bound to pay rent as tenant notwithstanding his ownership of the mortgage (Levenson Wrecking Co. v.Gatti-McQuade Co., supra). As soon as defendants discovered that complainant had purchased the mortgage and before complainant filed his bill to foreclose, they offered to reimburse him for his outlay but he refused to accept anything *Page 518 
less than the face amount of the mortgage. In complainant's situation as tenant it was his right to purchase the mortgage for the purpose of protecting his possession as tenant but it was inequitable for him to have demanded from his landlords more than he had been required to pay for that purpose. I conclude that the defendants are entitled to the relief for which they pray under the counter-claim filed by them, namely the right to discharge the mortgage by paying complainant $3,000 with interest at the legal rate from March 13th, 1944, less so much of the unpaid rent agreed to be paid by complainant as tenant, and that the defendants should be given a reasonable time to be fixed by the decree to be entered herein in which to effect such redemption.Shields v. Lozear, 22 N.J. Eq. 447; affirmed, 23 N.J. Eq. 509.
If the parties cannot agree on the amount so to be paid I will take further testimony to determine it.