This matter was heard on petition, order to show cause, answer and oral proof. The petition by Dils, Inc., a corporation, prays that the final decree in foreclosure be vacated and testimony taken to determine the amount due on the bond and mortgage; what amount was paid by Marjorie Spring, the complainant, to The Howard Savings Institution for an assignment of said mortgage, who, the petitioner alleges, was in fact the agent of The Birn Company, the lessee in the premises in whose behalf the foreclosure was commenced, and why a final decree in the correct amount should not be entered, and Marjorie Spring and The Birn Company required to deliver and repay to the petitioner any sum received by them in excess of the sum legally and equitably due on said mortgage. *Page 136 
The final decree in this cause was entered November 30th, 1945. On June 1st, 1945, Gertrude P. Harrison and others were the owners of the mortgaged premises 341-343 Halsey Street, Newark, New Jersey. The Birn Company, a corporation, was the sole tenant of the premises under a lease dated July 21st, 1936, which was to expire November 30th, 1945, and which lease was extended to November 30th, 1948.
The mortgage was originally for $20,000 and on June 12th, 1945, Marjorie Spring, a daughter of I. Albert Birn, with the funds admittedly of The Birn Company, and on behalf of the Birn Company, the lessee, purchased the mortgage and took an assignment thereof in which no covenant as to the amount due thereon appears. The avowed purpose for which The Birn Company purchased the mortgage was to protect its tenancy.
In the foreclosure proceedings the complainant, Marjorie Spring, then represented by a solicitor other than Mr. Kanter, did not disclose the fact that she was but a nominal complainant. Although the mortgage was a prior lien to the lease of The Birn Company that company was not joined as a party defendant. The foreclosure suit was not contested and the final decree was entered in favor of the complainant for the balance then due for principal on the mortgage of $14,800 and interest in the sum of $544.47, making a total of $15,344.47.
On January 21st, 1946, Dils, Inc., the petitioner herein, purchased the property from Gertrude P. Harrison and others. The deed contained the following:
"And the party of the first part does hereby grant, convey, assign, and set over unto the party of the second part all of their right, title and interest in and to the rents, issues and profits past due, due and to grow due from the tenants in said premises, including the right to claim, counter-claim or set off any and all claims for rents, issues and profits arising out of said premises to which the party of the first part may be entitled from the tenants in the aforesaid premises and against any mortgagee holding any mortgage or mortgages thereon."
January 22d 1946, Dils, Inc., redeemed the property from the foreclosure by paying to the sheriff of the County of Essex the sum of $16,307.66 which the sheriff demanded in *Page 137 
order to prevent a sale of the premises. On May 21st, 1946, it was ascertained that the tenant, The Birn Company, the real complainant in said foreclosure, to protect its tenancy purchased the bond and mortgage for the sum of $13,800 on June 12th, 1945. Had this fact been disclosed to the court when the decree was entered the decree would have been for the amount the tenant actually paid for the protection of its lease and interest at the rate fixed in the mortgage on such sum actually paid. The complainant was in duty bound to disclose to the court in the foreclosure proceedings that she was but the nominal representative of The Birn Company, the lessee, which fact was by complainant concealed. "* * * If a complainant has diverse interests in the controversy, he should state them all in the bill and submit himself to the jurisdiction of the court in his several capacities and not only in the one in which he prays relief. * * *" Shippee v. Shippee, 122 N.J. Eq. 570;195 Atl. Rep. 728.
"* * * Where a person is compelled to pay an existing obligation such as a mortgage to protect his own interests or rights in property, he is entitled to be subrogated to the rights of the creditor whose debts he paid and to the lien of the encumbrance thus discharged. A life tenant is one of that class of persons who is entitled before foreclosure to redeem and protect himself in the enjoyment of his estate by so doing. * * *
"If a life tenant, in order to protect his interest, pays an existing encumbrance without intending to do it for the benefit of the remaindermen he does not, strictly speaking, succeed to all the rights of a creditor whose debt he paid nor does he acquire the identical lien which was theretofore existent. * * *
"When a life tenant in possession purchases an existing lien or encumbrance upon the estate, he is regarded as doing so for the joint benefit of himself and the remaindermen or reversioners. He does not hold such claim or interest for his exclusive benefit if the holders of the future interest wish to make reimbursement of their proportionate share. Therefore, if the life tenant acquires the mortgage he does not succeed to the full rights formerly held by the mortgagee in *Page 138 
that he cannot maintain a bill to foreclose the mortgage. If this were not so such a purchaser would be in a position to require the remaindermen to repay him not only their proportionate share of the mortgage debt but the whole amount thereof. * * *"Coughlin v. Kennedy, 132 N.J. Eq. 383; 28 Atl. Rep. 2d417.
The amount due on the mortgage for principal was $14,800 and complainant paid for the assignment $13,800. Complainant could not dispute his landlord's title nor could he acquire a lien in the demised premises and use such lien for the purpose of terminating his tenancy. It was the lessee's right to purchase the mortgage for the purpose of protecting his possession as tenant, but it was inequitable for Marjorie Spring and The Birn Company to have demanded from the landlord more than it had been required to pay for that purpose. Huber v. Liptak, 136 N.J. Eq. 515; 42 Atl. Rep. 2d 705.
"* * * A tenant for years has the right to redeem; he has the present estate in the land, and it is necessary that he should have that right to protect his interest * * *. It was so held by Lord Mansfield, in Keech v. Hall, Doug. 22, and has ever since been accepted as the settled rule in such case. Coote onMort. 334 and 516; Fisher on Mort. 123.
"The tenant, or other person, like a second mortgagee or judgment creditor, having a right to redeem, has not, perhaps, strictly the right to demand a written assignment of the bond and mortgage; but he stands by redemption in place of the mortgagee, and will be subrogated to his rights against the mortgagor and the reversioner. He has the right to have the bond and mortgage delivered to him uncanceled, which, in such case, is, in equity, and may be, at law, a complete assignment of them. * * *"Hamilton v. Dobbs Robinson, 19 N.J. Eq. 227. And, see, to the same effect Sever v. Yetter, 128 N.J. Eq. 367;16 Atl. Rep. 2d 461.
The petitioner is entitled to the relief which it prays, and the decree will be opened and vacated and a decree entered in favor of petitioner for $13,800 principal with interest at 5% as provided for in the mortgage on that sum from June 12th, 1945, to November 30th, 1945 (the date of the decree) *Page 139 
in the sum of $322.06, or a total of $14,122.06. And the petitioner is entitled to have refunded and repaid by complainant the excess paid by it to redeem the premises with interest on such sum from January 22d 1946, to the date of its payment.