MILDRED WING, ADM'X. C. T. A.

LAST WILL AND TESTAMENT OF EUGENE H. HOLT

*vs.*

LILLA M. ROGERS

DORIS ROGERS LORD

MINNIE ROGERS DONNELLY

RATIE E. TOZIER

FLORENCE PLAISTED AYER

MILDRED CHASE CAMPBELL

CHARLES CHASE

JENNIE POWERS PERKINS AND

MATTIE POWERS THOMPSON

Somerset.   Opinion, December 16, 1953.

*Perkins, Weeks & Hutchins,* for plaintiff.

*Sanford L. Fogg,*

*William H. Niehoff,*

*Eaton & Eaton,* for defendants.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

WILLIAMSON, J. On report. This is a bill in equity brought by the administratrix, c. t. a. for the construction of the will of Eugene H. Holt, made August 22, 1924. The case is before us on bill, answers, replications, and an agreed statement of facts.

In the first paragraph the testator provided for the perpetual care of a cemetery lot and for the purchase of gravestones or markers. The second and third paragraphs read as follows:

"SECOND— I give, bequeath and devise all of the rest, residue and remainder of my estates of which I shall die seized and possessed, real, personal and mixed, wherever found and however situated, to my beloved wife, Cora B. Holt, to have

and to hold the same, to her, her heirs and assigns forever, provided, however, that in event that both my said wife and myself shall be killed in an accident or otherwise, and it shall be determined that my death occured after that of my said wife, then, and in such case, I give, bequeath and devise all of the rest, residue and remainder of my estates, including any estates that shall be devised or bequeathed to me by the will of my said wife, to the following named persons, the same to be equally divided among them, share and share alike,— Frank A. Smiley of Winslow, Maine, a brother of my said wife, Mildred Wing of Winslow, Maine, a niece of my said wife, Lilla M. Rogers, a daughter of the late Henry Rogers, and now residing in New York City, Doris M. Rogers, now of North Vassalboro, Maine, and the daughter of Benjamin Rogers, Minnie Rogers, now of North Vassalboro, Maine, also a daughter of the said Benjamin Rogers, and Ratie E. Tozier of Skowhegan, Maine; to have and to hold the same, to them and each of them, their heirs and assigns forever.

"THIRD— In no case or under any conditions do I want my sister, Elizabeth Plaisted, or either of my half sisters, Maria Chase and Annie Crawford, all of Waterville, Maine, or their heirs, to have any part of my estates."

Cora B. Holt, wife of the testator, died from coronary thrombosis on September 11, 1951. Eugene H. Holt, the testator, died from cerebral hemorrhage on October 23, 1951. There is no suggestion that the deaths of the testator and his wife were in any way connected, or that the death of either came as the result of an accident.

All the beneficiaries named in the second paragraph of the will survived the testator, except Frank A. Smiley who was not related to him by blood. Referring to the third paragraph of the will, the three named persons died before the testator.

The heirs of the testator, and the persons entitled to his estate in the event it passes by intestacy, except as affected by the third paragraph, are the following defendants: Florence Plaisted Ayer, a daughter of the testator's sister Elizabeth; Mildred C. Campbell and Charles Chase, children of his half sister Maria, and Mattie Powers Thompson and Jennie Powers Perkins, children of his half sister Ida H. Powers, who was not named in the third paragraph.

Two questions are presented: First—do the named beneficiaries surviving the testator take under the second paragraph of the will? Second—if not, are the heirs of the persons named in the third paragraph disinherited? The first question involves the intention of the testator, and the second, the effect to be given a clearly expressed intention.

The argument of the heirs in substance is this: (1) that the provision for the named beneficiaries became operative only upon condition that the wife and testator were "killed in an accident or otherwise," meaning that they met their deaths by violent means in an accident or on an occasion closely related to an accident; (2) that the condition stated did not occur; (3) that the exclusion of certain heirs under the third paragraph is ineffective, and (4) therefore the property passes by intestacy to all of the heirs.

Our task is to find the intent of the testator and to give effect to his intention if possible. The governing principles were well stated by Chief Justice Pattangall in *Green* v. *Allen, et al.*, 132 Me. 256, 258, 170 A. 504, 505:

> "The controlling rule to be applied in construing the meaning and force of the provisions of a will is that the intention of the testator as expressed must govern, unless it is inconsistent with legal rules. Such intention may be determined by an examination of the whole instrument, including its general scope, logical implications and necessary inferences. Language may be changed or moulded to give effect to intent, *Hopkins* v. *Keazer*, 89 Me.

345, 36 A. 615, and intent will not be allowed to fail for want of apt phrase or conventional formula, *Fuller* v. *Fuller,* 84 Me. 475, 24 A. 946."

Among the recent cases in which the rule has been applied are: *Dow* v. *Bailey,* 146 Me. 45, 77 A. (2nd) 567; *Mellen, Jr. et al. Trustees* v. *Mellen, Jr. et al.,* 148 Me. 153, 90 A. (2nd) 818; *Stewart* v. *Est. of Stewart,* 148 Me. 421, 94 A. (2nd) 912; *Strout, Trustee* v. *Little River Bank and Trust Co., Adm.,* 149 Me. 181, 99 A. (2nd) 342.

We must also bear in mind the presumption against intestacy, *Fox* v. *Rumery,* 68 Me. 121; *Davis* v. *Callahan,* 78 Me. 313, 5 A. 73; *Spear* v. *Stanley,* 129 Me. 55, 149 A. 603.

The controversy arises from the two clauses in the second paragraph reading: "that in event that both my said wife and myself shall be killed in an accident or otherwise, and it shall be determined that my death occured after that of my said wife."

Here are the conditions placed by the testator upon the gift to the named beneficiaries. Unless the conditions were met at the death of the testator, nothing passed under this provision. The testator survived his wife and so the second condition was satisfied. Our problem is confined to the meaning of the first condition. The critical words are "killed" and "or otherwise." If death by accident is a condition without which the gift is not effective, then plainly the named beneficiaries do not take. Neither the testator nor his wife died as the result of an accident.

Before considering the key clauses, we review certain indisputable intentions of the testator. First, he intended that his wife Cora should take his entire estate if she survived him. In such event he showed not the slightest interest in his heirs or any other persons. Second, he intended that if he survived his wife under the conditions stated, the named beneficiaries should take his entire estate. Again he showed

no interest in his heirs. Two of the named beneficiaries were said to be related to his wife and no one of them was an heir of the testator. Further, in this gift he made clear beyond the slightest doubt his intention that it should include property acquired by him under the will of his wife. His anticipation that he would benefit under his wife's will in the event he survived her is apparent. Third, he intended to exclude certain prospective heirs and their heirs from sharing in his estate.

In writing his will in 1924 the testator considered the several contingencies involving the relative time of the deaths of his wife and himself. First, he might predecease his wife. Second, he might survive his wife. Third, they might die at the same or approximately the same time, or under circumstances in which survivorship could not be determined. This is indicated by the conditions about death, and particularly by the express provision that "it shall be determined that my death occured after that of my wife."

Whatever other intentions the testator may have had, it is clear that unless his survival of his wife should be affirmatively established, the named beneficiaries were to take nothing. There is, it may be noted, no provision in the will covering the situation wherein survivorship should be uncertain or not determined. In such case the estate would pass by intestacy, except as affected by the third paragraph.

We come then to consideration of the key clauses taken not alone but in their proper setting in the will. The heirs argue that we have a common disaster clause. If this is so, the condition has not been met for admittedly there was no common accident or disaster.

A clause of this type is designed to cover the situation where in deaths resulting from a common accident or disaster survivorship cannot be determined or at least the death of one follows closely the death of the other. See, for

example, *Hackensack Trust Co.* v. *Hackensack Hospital Ass'n*, 183 A. 723, in which the New Jersey court held a condition that the testatrix and her daughter "perish in a common disaster" was met when the daughter survived her mother for a few hours. Such a provision normally places conditions of both cause and time of the deaths upon a gift to a survivor.

If the provision in the will before us read simply "that in event that both my said wife and myself shall be killed in an accident, — then I give, etc., to (the named beneficiaries)," we would have a common disaster clause. In such case survival of the wife beyond a brief period, as in the *Hackensack* case, *supra,* would be a condition upon the gift to her.

The testator, however, added two factors which mark the differences between his will and a common disaster clause, namely, "or otherwise," which we will later discuss, and the condition of the testator's survival of his wife. The gift to his wife in the event she survived the testator was in no way dependent upon conditions set forth in the clauses under discussion.

Neither the testator nor his wife, as we have seen, died in or as a result of an accident. Both died from what we commonly call "natural causes"; neither was "killed" in the sense that death came from violence. If death by accident or by being "killed" in the meaning mentioned were conditions of the gift, then the named beneficiaries must fail to take under the will.

We pass to the words "or otherwise." In our view, by these words the testator showed his intention that death in any other manner than by accident would satisfy the first condition of the gift. The heirs urge, on the contrary, that "or otherwise" has a far narrower meaning and indeed does not extend "accident" in any appreciable degree. The point

is made by counsel for one of the heirs in these words, "When he said *accident*, we presume he meant something like being hit by a train. And when he said *or otherwise* we think he had reference to some other manner of being killed, such as by food poisoning or by falling."

In the cases below we find examples of the broad meaning given to "or otherwise" when linked to death by accident.

In *Re Searl*, 186 P. (2nd) 913, 173 A. L. R. 1247, with annotation, the will provided "in event that my husband and I should meet death by accident or otherwise at the same time or approximately the same time," and the husband's will made like provision. The husband died 47 days after his wife. Neither met death by accident. The only question considered by the Washington Court was whether the husband died at approximately the same time as the wife. It was held he did not and the property did not pass under these provisions of the two wills.

In *Shippee* v. *Shippee, et al.*, 122 N. J. Eq. 570, 195 A. 728, the will read: "die simultaneously with me, or shortly before or after me, as the result of an accident, or otherwise." Death was not by accident. It was held that the death of A 41 days after the death of the testatrix was not "shortly— after me."

In *Damon & another* v. *Damon*, 90 Mass. (8 Allen) 192, 194, the Massachusetts Court said:

> " 'First, If by casualty or otherwise I should lose my life during this voyage, I give and bequeath to my wife Ann," ' etc. The condition is thus grammatically, and according to the common use of phraseology, attached to and qualifies the particular bequest. He gives a certain piece of property to his wife, if he loses his life during the voyage. There is no gift to her without that qualification."

If, for the words "be killed," we read "lose their lives" as in *Damon, supra,* or "die" as in *Shippee, supra,* or "meet

death" as in *Searl, supra,* the first condition would be substantially like the conditions in the cases noted. In such case the intention to make the time of death and not the cause of death the controlling factor would be clear. We conclude that the testator used "be killed" with a like meaning, and with a like intent. He was interested in the time of death in terms only of survival. There is no condition, for example, of a limited length of time of survivorship as in *Searl* and *Shippee, supra,* or of death during a journey as in *Damon, supra.* Survival for a moment met the condition of testator's will. The key clauses are neither a common disaster clause nor what we may call an "uncertain or short survivorship" clause.

It seems unlikely that the testator intended the gift to be dependent upon two deaths by violence only. If so, upon the death of the wife from disease, for example, the possibility of the gift becoming effective would at once be ended. Unless both died from violence, or if either died from a natural cause, the beneficiaries would gain nothing under the will. Such a construction places too much weight upon a matter which in the light of the will and the surrounding circumstances was of no reasonable consequence to the testator.

We repeat what the testator wished to accomplish in the will. He sought (1) to provide for his wife if she survived, (2) to give to named persons in event he survived his wife in the belief he was a beneficiary under her will, and (3) to exclude certain heirs (and their heirs) from sharing in his estate. This is a reasonable, understandable and complete plan for the two contingencies of survivorship in which he was interested.

In our view of the case it is not necessary to discuss or answer the question involving the third paragraph of the will. The named beneficiaries (excluding Frank A. Smiley

who predeceased the testator) take the remainder of the estate, share and share alike.

*Case remanded to Sitting Justice for a decree in accordance with this opinion. Costs and reasonable counsel fees to be fixed by the Sitting Justice, paid by the administratrix, c. t. a. of the estate of Eugene H. Holt, and charged in her probate account.*